Beth Dixey, Appellant, v. The Philadelphia Traction Company.

| 180 | 401 |
|-----|-----|
| 183 | 31 |
| 180 | 401 |
| 206 | ²579 |

*Negligence—Street railways—Spinal injury by jolt of car.*

In an action against a street railway company to recover damages for a spinal injury caused by a sudden movement of car, the case is for the jury where the plaintiff testifies that at the time of the accident she was a passenger on a trailer car which was attached to a cable car; that she stood in the passageway holding to an overhead strap; that the car moved roughly, and after she had ridden a few squares it seemed to leave the track and to be pulled back again by the forward car; that she was thrown violently forward and injured, and at the same time the other passengers were thrown first forward and then backward.

The fact of a casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer. The accident, the injury and the circumstances under which it occurred are in some cases sufficient to raise a presumption of negligence, and thus cast upon the defendant the burden of establishing his freedom from fault.

Argued Jan. 18, 1897. Appeal, No. 579, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1893, No. 419, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries.    Before BIDDLE, P. J.

At the trial it appeared that on November 16, 1892, plaintiff was injured while riding as a passenger in a trailer car attached to the rear of a cable car on Ninth street in the city of Philadelphia.    All of the seats of the car were occupied, and plaintiff stood in the passageway, holding to an overhead strap. In her testimony in chief she described the accident as follows: "The cars began to run rough, and I said they must have a greenhorn on running them this way. . . . . And the cars kept running more and more rough, and, between after they left Market street, and half way to Spring Garden, it seemed to jump and went across the track, and as it pitched across I pitched with it, keeping hold of the strap. . . . . I said: 'I am too badly hurt to laugh.' . . . . It first pitched me this way and then back again. . . . . If I had not held on I would have gone to the floor. . . . . "Q. Where did you feel bad?" "A. Through my abdomen, my leg and my arms.    The most intense pain was through my abdomen.    I could not straighten up.    By 8 o'clock I was in a perfect agony of pain."

On cross-examination, she testified:

"Q.  Was anybody else in the car thrown around?    A.  Everybody was thrown about. . . . . Q.  You have ridden in trailers before?    A.  Very rarely.    Q.  It went along the same as others, except it was rough?    A.  The car ran very rough all the way. At the time I felt I was hurt it seemed to jump from the track, and the forward car pulled it back, and this is what I told my friend then.    She was frightened because it jumped so. . . . Q.  Were you thrown on the floor of the car at any time? A.  No, sir; because I held the strap.    Q.  Were you thrown in anybody's lap?    A.  I was thrown against my friend, and then back.    Q.  How often did it happen?    A.  The severe wrench was when the car jumped, as I said, but all the way it ran very rough."

The court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*E. Hunn* and *F. C. Brewster*, for appellant.—This was a case where the mere happening of an injurious accident raised prima

facie a presumption of neglect, and threw upon the carrier the onus of showing it did not exist: R. R. v. Anderson, 94 Pa. 358; Laing v. Colder, 8 Pa. 479; Spear v. R. R., 119 Pa. 67; R. R. v. MacKinney, 124 Pa. 466; Clow v. Traction Co., 158 Pa. 410; Shafer v. Lacock, 168 Pa. 503; Dampman v. R. R., 166 Pa. 523.

*J. Howard Gendell,* for appellee.—Where the cause of the accident is shown by plaintiff, there is no room for the application of the rule imposing the burden of proof on the carrier: Hayman v. Penna. R. R., 118 Pa. 508.

OPINION BY MR. JUSTICE FELL, March 22, 1897:

The assignment to be considered relates to the refusal of the court to take off a judgment of nonsuit. The plaintiff was a passenger on a street car which was attached to a cable car. When she got on the car all of the seats were taken, and she stood in the passageway holding to an overhead strap. While she was in that position a sudden movement of the car threw her forward, causing injuries to her spine. The point is whether her testimony was sufficient to raise the presumption of negligence and take the case to the jury.

She testified that the car ran roughly when it started, that it continued to run more roughly, and that after she had ridden a few squares it seemed to jump and run across the track. The motion was so violent as to throw her forward, and she would have fallen to the floor if she had not held the strap. On cross-examination she testified that she could not say that the car had left the track, but that it seemed to do so; that she believed that it did; that at the time she was injured the car seemed to leave the track and to be pulled back again by the forward car, and that the passengers were thrown first forward and then backward. These statements culled from a lengthy examination and grouped together present the case with more directness and force than her testimony at the trial gave it, and we may now be considering it in a light more favorable to her than that in which it was presented to the learned judge at the time the nonsuit was entered.

The plaintiff's testimony was sufficient if it raised a fair presumption of negligence. The presumption would probably not

arise from her injury alone, as that might have been caused by the usual jolting and irregular motion of a cable car. Of this a passenger would ordinarily be held to have taken the risk. But it is not necessary that the evidence of negligence should be direct and positive, especially where the injury is to a passenger in a public conveyance. " The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer or that it is necessary to offer. The accident, the injury and the circumstances under which it occurred are in some cases sufficient to raise a presumption of negligence and thus cast upon the defendant the burden of establishing his freedom from fault:" Shearman and Redfield on Negligence, sec. 59.

There was evidence that the injury was the result of an unusual motion of the car which affected all the passengers. If it had been shown that the motion was due to the car leaving the track, to a broken or defective wheel, to imperfections in the road-bed or to the careless manner in which the gripman performed his duties, the burden would have clearly been on the defendant to show that it was not due to negligence. It was distinctly shown that the injury was due to the sudden jar or plunge of the car. The plaintiff could not say that the car left the track, but she said that she believed it did, that it seemed to leave the track and to be jerked back by the cable car to which it was attached. This testimony was sufficient to throw the duty of explanation upon the defendant. The plaintiff made out more than a mere case of the happening of an injurious accident to herself while a passenger from an unexplained cause, or from a cause disconnected with the means of transportation. She showed the cause of the injury and the circumstances attending it, and that it affected not her alone, but all the passengers. The cause was unusual and within the knowledge and under the control of the defendant's employees, and it was sufficient to give rise to the legal presumption of negligence.

The judgment is reversed with a procedendo.