## Palmer, Appellant, v. Warren Street Railway Company.

*Negligence—Street railways—Passenger—Presumption—Collision.*

The case of a passenger injured by a collision between two street cars of the same company is within the unbending rule applicable to railroad and passenger railway companies alike, that where a passenger on a car is injured without fault of his own, there is a legal presumption of negligence, casting upon the carrier the onus of rebutting it; and it is immaterial that the collision was not due to any defect in the car on which the plaintiff was riding or the machinery connected with it, but to a broken appliance on the car that ran into it.

*Negligence—Street railways—Passenger—Presumption—Jumping from car.*

A well grounded fear that a collision is about to take place which will result in fatal or even serious injury to a passenger, is a justification to him to leap from the car. and the presumption of the common carrier's negligence is not confined to the case of injuries resulting from actual collision, but extends to those caused by an effort to escape it, when made on a well grounded belief that it will occur.

*Negligence—Street railways—Measure of care—Carriers—Passengers.*

The utmost care and vigilance are required on the part of the carrier. This rule does not require the utmost degree of care which the human mind is capable of imagining, but it does require that the highest degree of practical care and diligence should be adopted that is consistent with the mode of transportation adopted. Railway passenger carriers are bound to use all reasonable precautions against injury of passengers; and these precautions are to be measured by those in known use in the same business which have been proved by experience to be the most efficacious.

It is not negligence on the part of a street railway company to run two cars towards each other on the same track.

. *Negligence—Evidence—Damages—Permanent injury—Ability.*

In an accident case, where a physician has testified to the permanent character of an injury, he may be properly asked whether the injury will affect the plaintiff's ability to perform labor.

Argued May 4, 1903.   Appeal, No. 354, Jan. T., 1902, by plaintiff, from judgment of C. P. Warren Co., Dec. T., 1900, No. 13, on verdict for defendant in case of Samuel S. Palmer and Kate Palmer v. Warren Street Railway Company.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before LINDSEY, P. J.

At the trial it appeared that plaintiff, Mrs. Kate Palmer, was injured on July 26, 1900, by a collision between two cars of defendant.   Mrs. Palmer was a passenger at the time.   The accident was caused by a parting of the brake chain on the car which collided with the one on which Mrs. Palmer was riding.   The circumstances of the accident are described in the opinion of the Supreme Court.

When Dr. Stewart was on the stand he was asked this question :

" Q. What would you say as to the permanency of that injury ?   A. Yes, sir.   Q. Of the curvature of the spine ?   A. I should think it would be permanent.   Q. How, if at all, would that affect her ability to perform labor ? "

Objected to as incompetent and irrelevant.

Objection sustained and exception sealed for plaintiff. [7]

Plaintiff presented the following point :

If the jury find from the evidence that the plaintiff, Kate Palmer, was a passenger on the car of the defendant corporation, and that when said car was ascending quite a heavy grade, another car was suddenly discovered coming down the grade on the same track and toward the car on which the said plaintiff was a passenger, and that the electric current of the car upon which plaintiff was riding was reversed and said car was started back down the grade, and the other car kept gaining upon it, and a collision seemed certain, and the plaintiff, Kate Palmer, believed herself in imminent danger of being killed or seriously injured and was in the act of jumping from said

car to the ground and either actually jumped or when in the act of jumping was thrown from said car to the ground and was injured, and that immediately after she struck the ground said cars did actually collide, the presumption of law is that the defendant was negligent. *Answer:* We cannot answer this point in the affirmative as it is drawn. [1]

Defendant presented these points:

3. The burden of proof in this case is upon the plaintiffs to establish the negligence of the defendant. *Answer:* This is affirmed. [2]

5. If the jury believe that the defendant in this case adopted all reasonable precaution against the injuries of its passengers and that its cars and appliance were proper for its business in known general use, and that the reason for not immediately stopping the car approaching the one on which the plaintiff, Mrs. Palmer, was riding, was on account of unforeseen and unaccountable breaking of the brake chain, the plaintiff cannot recover. *Answer:* This is affirmed. If there was no other negligence on the part of the defendant, and when the motorman who was running the car that was approaching the car on which the plaintiff was riding, saw that car and he applied the brakes and the car slackened as he stated, that the brake chain broke and the car ran on and came in contact in the manner in which it was said; if it was in consequence of the breaking of the chain and the company had used the appliances and the cars such as are in common use, then they would not be liable. If it was in consequence of the breaking of the chain then you are to take into consideration in this. respect, the evidence as to the care with which the cars were inspected in determining that question. [3]

The court charged in part as follows:

[Now, gentlemen of the jury, the first question which we submit to you is this: From all the evidence on the part of the plaintiffs and on the part of the defendant, was the defendant guilty of any negligence in the matter? If the defendant was not guilty of negligence then there can be no recovery. Where an accident happens and an injury takes place by collision and a passenger is injured in the collision, there is a presumption of negligence, and had Mrs. Palmer remained on

the car and had been injured in the collision which occurred, there would have been a presumption of negligence on the part of the company, which the company could rebut by testimony. But in this case, we say to you, it is incumbent upon the plaintiffs to show negligence and convince you of negligence.] [4]

[We say to you that we do not think the fact that there was a car coming from Irwindale park and another one going, and on the same track that that of itself would constitute negligence. It is different in relation to the conduct of a street car, we think, from that of the steam cars, which run at a much greater rate of speed, and the fact that these two cars were going toward each other on the same track, of itself would not be negligence. It might have been the intention of the motorman to transfer passengers, that might occur and sometimes is the case.] [5]

[Now, gentlemen of the jury, she would not be justified in jumping from the car unless there was danger—unless she was suddenly put in imminent danger of being injured in some way, and exercised her best judgment as to what she should do; where if she was put in a sudden peril as to life or limb. If she had a well founded belief growing out of the circumstances and facts that she was in imminent danger, then she would be justified in jumping and would not be guilty of contributory negligence. . . . Weigh this matter carefully and determine from the evidence on the part of the plaintiffs and the evidence on the part of the defendant whether or not the plaintiff was in such imminent peril as to justify her in jumping. If she was then she would not be guilty of contributory negligence.] [6]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–6) above instructions, quoting them; (7) rulings on evidence, quoting the bill of exceptions.

*George H. Higgins*, with him *Allen & Son*, for appellant.— Where an injury occurs to a passenger in consequence of something done or not done, connected with appliances of transportation, there arises a presumption of negligence which the carrier is required to rebut: Kepner *v.* Harrisburg Traction Company, 183 Pa. 24; Fleming *v.* Pittsburg, etc., Railway Co.,

158 Pa. 130; Dixey v. Phila. Traction Co., 180 Pa. 401; Clow
v. Pittsburg Traction Co., 158 Pa. 410; Philadelphia & Read-
ing Railroad Co. v. Anderson, 94 Pa. 351; Willis v. Second
Avenue Traction Co., 189 Pa. 430.

If a person should leap from a car in which he is a passenger
under the influence of a well grounded fear that a fatal colli-
sion is about to take place, his claim against the company for
the injury he may suffer will be as good as if the same mischief
had been done by the apprehended collision itself: Penna. R.
R. Co. v. Aspell, 23 Pa. 147; Willis v. Second Ave. Traction
Co., 189 Pa. 430.

*W. E. Rice,* with him *W. D. Hinckley,* for appellee.—The
language of the decided cases is, that in order to recover for
injuries sustained in jumping from a car, it must be "under
the influence of a well grounded fear, that a fatal collision is
about to take place:" Penna. R. R. Co. v. Aspell, 23 Pa. 147;
Willis v. Second Avenue Traction Co., 189 Pa. 430.

OPINION BY MR. JUSTICE BROWN, July 9, 1903:

Mrs. Kate Palmer was a passenger on an electric car of the
defendant company. As it approached an up grade a car with
a trailer attached was seen descending and coming towards it
on the same track. The brake chain on the descending car had
broken, and the motorman was unable to control it. The
motorman of the car on which the plaintiff was riding, seeing
that a collision was inevitable, stopped his car, and, having re-
versed the current, started it backwards. The other cars were
gaining on it, until it seemed that the collision could not be
avoided, and a number of the passengers on the car with Mrs.
Palmer, including herself, jumped from it just before the cars
collided. For the injuries sustained in jumping from the car
this suit was brought. The case was submitted to the jury
under what the appellants regard as erroneous instructions,
and the verdict having been for the defendant, this appeal was
taken.

This real error complained of is the trial judge's instruction
to the jury that there was no presumption of the defendant's
negligence. Upon this point he said, in his general charge:
" Now, gentlemen of the jury, the first question which we sub-

mit to you is this : From all of the evidence on the part of the plaintiffs and on the part of the defendant, was the defendant guilty of any negligence in the matter ?  If the defendant was not guilty of negligence then there can be no recovery. Where an accident happens and an injury takes place by a collision and a passenger is injured in the collision, there is a presumption of negligence ; and had Mrs. Palmer remained on the car and had been injured in the collision which occurred, there would have been a presumption of negligence on the part of the company, which the company could rebut by testimony." He added in the same connection : " But in this case we say to you, it is incumbent upon the plaintiffs to show negligence and convince you of negligence." This instruction, that there was no presumption of the company's negligence, was repeated in the court's answers to plaintiffs' first and defendant's third points.

If Mrs. Palmer had remained on the car and been injured by the collision, no one would think of questioning the presumption of the defendant's negligence. The collision itself, without more, would have been evidence that some one in the employ of the company had blundered or neglected his duty. As a matter of fact, the collision was due to the breaking of a brake chain; but the case was within the unbending rule, applicable to railroad and street passenger railway companies alike, that, where a passenger on a car is injured, without fault of his own, there is a legal presumption of negligence, casting upon the carrier the onus of rebutting it : Laing v. Colder, 8 Pa. 479 ; Sullivan v. Philadelphia & Reading R. R. Co., 30 Pa. 234 ; Meier v. Pennsylvania R. R. Co., 64 Pa. 225 ; Philadelphia & Reading R. R. Co. v. Anderson, 94 Pa. 351 ; Fleming v. Pittsburg, etc., Ry. Co., 158 Pa. 130 ; Clow v. Pittsburg Traction Co., 158 Pa. 410 ; Dixey v. Philadelphia Traction Co., 180 Pa. 401 ; Kepner v. Harrisburg Traction Co., 183 Pa. 24 ; and it is immaterial that the collision was not due to any defect in the car on which the plaintiff was riding, or the machinery connected with it, but to a broken appliance on the car that ran into it ; for the presumption of the defendant's negligence arises not only when the injury is caused by a defect in the road, cars or machinery, or by want of diligence or care in those employed, but by any other thing

which the company can and ought to control as a part of its duty to carry the passenger safely: Meier v. Pennsylvania R. R. Co., supra. The other thing here which was under the control of the company was the chain that broke on another car which ran into the one on which the plaintiff had been a passenger.

But the plaintiff was not bound to wait for the collision. It was rather for her, under the instinct of self-preservation, to try to escape from its danger, and, in seeking to avoid it, she is not necessarily chargeable with neglect of her own safety in exposing herself to another risk by jumping from the car. The company had confronted her with the peril from which she would have escaped, and it is and ought to be responsible to her for whatever naturally followed. In trying to save herself she was, at the same time, unconsciously trying to save the company from the consequences of its negligence, and of her effort to do so it ought to be the last to complain, unless it is manifest that she acted rashly and imprudently. "In such a case, the author of the original peril is answerable for all that follows. . . . If, therefore, a person should leap from the car under the influence of a well grounded fear that a fatal collision is about to take place, his claim against the company for the injury he may suffer, will be as good as if the same mischief had been done by the apprehended collision itself. When the negligence of the agents puts a passenger in such a situation, that the danger of remaining on the car is apparently as great as would be encountered in jumping off, the right to compensation is not lost by doing the latter; and this rule holds good, even where the event has shown that he might have remained inside with more safety:" Penna. Railroad Company v. Aspell, 23 Pa. 147. To this we can add nothing, except that a well grounded fear that a collision is about to take place, which will result in fatal or even serious injury to the passenger, is a justification to him to leap from the car; and the presumption of the common carrier's negligence is not confined to the case of injuries resulting from actual collision, but extends to those caused by an effort to escape it, when made on a well grounded belief that it will occur. The collision itself would admittedly be due to the presumed negligence of the company, and to no other cause can be attributed the manifest danger of it, from which the plaintiff in this

case attempted to escape. The court's instructions, therefore, should have been that there was a presumption of the company's negligence, and that there was no burden upon the plaintiff to prove it until the defendant had first rebutted the presumption of it.

In affirming defendant's fifth point, the court fixed too low a standard for the duty of the railway company. More is required of a common carrier than mere reasonable precaution against injuries to passengers and care that its cars and appliances are to be measured by those " in known general use." While the law does not require the utmost degree of care which the human mind is capable of imagining, it does require that the highest degree of practical care and diligence shall be observed that is consistent with the mode of transportation adopted; and cars and appliances are to be measured by those which have proved by experience to be the most efficacious in known use in the same business. The rule upon this subject, as laid down in Meier v. Pennsylvania R. R. Co., supra, and which should have been followed by the court in answering the point, is: " The utmost care and vigilance is required on the part of the carrier. This rule does not require the utmost degree of care which the human mind is capable of imagining; but it does require that the highest degree of practical care and diligence should be adopted that is consistent with the mode of transportation adopted. Railway passenger carriers are bound to use all reasonable precautions against injury of passengers; and these precautions are to be measured by those in known use in the same business, which have been proved by experience to be efficacious. The company is bound to use the best precautions in known practical use. That is the rule; the best precautions in known practical use to secure the safety of the passengers; but not every possible preventive which the highest scientific skill might suggest."

No error was committed in saying that the fact that there was a car coming and going on the same track was not in itself evidence of negligence by the defendant company, and the fifth assignment is not sustained. The court's instructions should have made it clear that, if the jury should find the plaintiff acted from a well grounded fear of imminent danger, she was not guilty of contributory negligence in jumping from

the car. In the portion of the charge complained of in the sixth assignment, the jury might have understood that, unless there was actual danger, and she jumped to escape it, she would be guilty of negligence. As the instruction upon this point was not clear, the sixth assignment is sustained. In sustaining the seventh, we need only say that the question asked Dr. Stewart was proper and should have been allowed.

All of the assignments except the fifth having been sustained, the judgment is reversed and a new trial awarded.