Nickolls et al. *v.* Personal Finance Company,
Appellant.

Argued April 8, 1936.   Before Kephart, C. J., Schaffer, Maxey, Drew, Linn and Stern, JJ.

*George D. Wick,* of *Campbell, Wick, Houck & Thomas,*
with him *G. W. Smith,* for appellant.

*Benjamin L. Steinberg,* with him *Robert Palkovitz,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1936:

The husband and wife, plaintiffs, brought this action to recover damages from defendant for injuries alleged to have been inflicted upon the wife by one of defendant's employees. It is charged that on July 17, 1932, when calling at her home on defendant's business, defendant's agent caused a screen door to strike her violently on the abdomen when she was pregnant and that this brought about three miscarriages, the first one on September 11, 1932, the second one on February 19, 1933, and the third on June 30, 1935. Defendant's employee denied that he had caused the door to strike the plaintiff or that he had injured her in any way. He was calling at plaintiff's home at the time to make inquiries about the payment of a loan which defendant had made to plaintiffs. Suit was not brought until fourteen months after the alleged injury.

The jury rendered a verdict in favor of the wife for $7,500 upon which judgment was entered. Appealing from the judgment, defendant submits to us that the verdict was excessive and that it was an abuse of discretion not to grant a new trial. Our examination of the evidence has convinced us that the verdict was excessive and that a new trial should have been granted, not alone because of the excessiveness of the verdict but because of the unconvincing state of the proofs, particularly in respect to the connection of the last two abortions with the injury which plaintiff says she received at the hands of defendant's agent.

Dr. John D. Farkas, who was plaintiff's physician and was called as a witness in her behalf, testified that no one can tell with any degree of certainty what causes successive abortions such as plaintiff suffered, and that he was not able to give a positive opinion at any time as

to their cause. His testimony was not sufficient upon which to base a recovery. Dr. J. C. Kelly, who attended her in the hospital following the last abortion and who operated upon her, was not called as a witness by plaintiff, but was placed upon the stand under subpœna by defendant. He said that her condition when he attended her was not caused by the injury three years before, that there was no causal connection between the alleged injury and the last abortion and that in his opinion it was brought about by an attack of la grippe which she had.

In order to supply the deficiency in their proof as to the cause of the abortions, plaintiffs called a professional expert witness, who had been testifying in the courts of Allegheny County as an expert for thirty years, who had not attended plaintiff at any of the miscarriages and had not seen the hospital records and who gave it as his opinion that the successive abortions were due to the striking of plaintiff by the screen door. Of this witness we said in *Murphy v. P. R. R. Co.*, 292 Pa. 213, 216: "The professional expert, whose testimony we relate above, frequently appeared in court as a witness in personal injury cases, and the inference from his evidence is that he made the giving of testimony in such actions a business. One of the evils in the trial of personal injury cases is padding the claim with evidence of the professional medical expert. When considering a motion for a new trial, based on an excessive verdict, ordinarily but little weight should be given to such testimony."

Speaking of the verdict in his opinion on the motion for a new trial, the trial judge said: "While it may be somewhat larger than in our opinion would have been justified, it is not so excessive as to be unconscionable, and, resolving the competent evidence of the plaintiff in her favor, there is ample credible testimony to support it." In our judgment this was a mistaken view of the case and a new trial should have been granted.

The judgment is reversed with a venire.