Libengood et al. *v.* Pennsylvania Railroad
Company, Appellant.

Argued  October  2,  1947.

8

*John R. Bredin,* with him *Dalzell, McFall, Pringle & Bredin,* for appellant.

*Robert B. Ivory, for appellees.*

OPINION BY MR. JUSTICE JONES, November 24, 1947:

These appeals of the defendant are from separate judgments for the several plaintiffs entered on a jury's verdict in a suit instituted for the recovery of damages resulting from injuries to the person of one of the plaintiffs and to property in a grade crossing collision between the locomotive of a train operating on the defendant company's branch line railroad in Indiana County and a five passenger Chevrolet sedan driven by Eileen R. Libengood (now Mrs. Eileen R. Minick), the injured plaintiff.

The appellant's principal contentions are (1) that the evidence in the case is insufficient to support the jury's finding that the injuries in suit were the result of the defendant company's negligence and (2) that the plaintiff driver of the automobile was guilty of contributory negligence as a matter of law. The enforceability of the rights of each of the various plaintiffs depends upon the automobile driver's being free from contributory negligence. No rights of innocent guest passengers of the automobile are involved.

The learned court below, avowedly mindful that, on a question of the sufficiency of evidence to support a verdict, "all the evidence—on both sides—supporting

it must be considered" (citing *Jones v. B. & O. R. R. Co.,* 108 Pa. Superior Ct. 404, 406, 165 A. 260) and that contributory negligence can be declared as a matter of law only in a clear case (citing *Coolbroth v. Pennsylvania Railroad Company,* 209 Pa. 433, 58 A. 808), ruled against the appellant on both points in an opinion which clearly and correctly details wherein the question of the defendant's responsibility in the circumstances and the alleged contributory negligence of the plaintiff driver were peculiarly matters for the jury to determine. The controlling evidence fully supports the jury's implied finding that the accident was due to the negligence of the defendant company in one or all of three specified particulars. On the other hand, the driver of the automobile, having stopped, looked and listened, and no train being within sight or hearing, entered upon the crossing,—the train was then approximately two thousand feet away and hidden from the driver's view because of a curve fifteen hundred feet from the crossing. Shortly thereafter, Mrs. Minick suddenly found herself in a position of peril created by the situation of her automobile stalled on the crossing and the then observable oncoming train. Whether she exercised the degree of care required of her in the changing circumstances manifestly involved an issue of relative fact which only a jury could rightly determine and for which the law furnishes no arbitrary criterion: cf. *Altomari v. Kruger,* 325 Pa. 235, 238-239, 188 A. 828, and cases there reviewed. The cognate assignments of error are accordingly overruled on the basis of the reasoning contained in the opinion for the learned court en banc.

Trial error in two other respects is ascribed by further assignments. One such complaint is based on the trial court's disposition of the defendant's motion to withdraw a juror because of allegedly improper remarks by plaintiffs' counsel in his closing address to the jury; the other relates to the alleged excessiveness

of the verdict in favor of Mrs. Minick. These matters were advanced as reasons in support of the defendant's motion for a new trial which the court below denied. But, for some reason not presently apparent, the court en banc, in its otherwise exhaustive opinion, made no mention whatsoever of the trial judge's action with respect to the motion for the withdrawal of a juror; perhaps the matter was not pressed at the argument on the after-verdict motions, counsel not having taken an exception to the trial court's ruling, as we shall see. The court below did effect a reduction of the verdict in question by providing, in the alternative, for the granting of a new trial if the respective plaintiff failed to remit so much of her verdict as was held to be excessive. The appellant continues to urge, however, that the verdict is still excessive and that the attendant error justly calls for the granting of a new trial.

On the record before us, the trial court's action with respect to the motion for the withdrawal of a juror is not assignable for error. The defendant neglected to lay the basis for a claim of reversible error in such regard by failing to except to the disposition made of the motion by the learned trial judge: see *Commonwealth v. Shields,* 50 Pa. Superior Ct. 1, 23-24, where President Judge RICE specified the "recognized methods of bringing remarks of counsel, in addressing the jury, upon the record so as to make the ruling of the court relating thereto subject to review". Under the method pursued in the instant case it was incumbent upon the defendant's counsel, as the unsuccessful movant, to except to the court's ruling on the motion if he wished to assign the matter for error later on. The *Shields* case, supra, was quoted from *in extenso* and followed with expressed approval in *Faust v. Cotner,* 105 Pa. Superior Ct. 177, 182-183, 160 A. 155. The rule is far more than a merely technical one. Its salutary effect was pertinently observed by Mr. Justice MESTREZAT for this Court in

*Krimmel v. Moss Cigar Company,* 237 Pa. 253, 258, 85 A. 154, in the following language: "In several recent cases, we have reversed because of improper remarks made by counsel to the jury, and we have no intention of relaxing the rule announced in those cases. But if opposing counsel desire to invoke the protection of the trial court they must act promptly and call the court's attention to the objectionable language and give it an opportunity to deal with the offender as the facts may require. This is only fair to the court. If it then declines *to act, the injured party should insist on his objection and take an exception to the ruling.* He cannot, by his silence, be permitted to leave the impression that he is satisfied with the court's action in the premises, and after the rendition of an adverse verdict, have the verdict set aside, or the judgment thereon reversed by the appellate court." (Emphasis supplied). See also *Carroll v. Hannan,* 289 Pa. 65, 67-68, 137 A. 127, where the moving defendant's failure to take an exception to the trial court's refusal to withdraw a juror precluded assignment of the matter as error on appeal.

The situation condemned in the *Krimmel* case, supra, well portrays that which actually obtained in the instant case, as an impartial reading of the record reveals. Upon overruling the motion for the withdrawal of a juror, the learned trial judge admonished the jury not to permit the assailed remarks to influence their judgment; and the matter was not again referred to by anyone before verdict. The failure of defendant's counsel to persist in his objection by taking an exception to the ruling can only be fairly construed as indicating that he was satisfied with the action so taken by the trial judge and waived any right to assign it subsequently for error. In any case, the matter of withdrawing a juror upon counsel's motion is one for a trial court's discretion: *Wilhelm v. Uttenweiler,* 271 Pa. 451, 453, 112 A. 94. We could hardly say, therefore,

that the learned trial judge abused his discretion in the situation here shown, and, especially not, when the remarks in question, while not in good taste, offended rather in their floridity than in any capacity to influence or prejudice the minds of the jury.

This brings us then to the appellant's remaining contention that the verdict in favor of Mrs. Minick was excessive. As returned by the jury, it was for $15,721. But, in disposing of the defendant's motion for a new trial, the court en banc required the remission of $3,721 as the alternative to the granting of a new trial. A remittitur was accordingly filed and the judgment, now here on appeal at No. 176, was entered on the verdict as so reduced. The usual reluctance of a reviewing court to interfere, by way of a reduction, with a verdict which has received the approval of a court en banc is, of course, no less where the court en banc itself first acted to satisfy its own conscience (cf. *Fasick v. Byerly*, 331 Pa. 85, 89, 200 A. 1) by stipulating for a reduction of the verdict as given by the jury. But, the question here posed is not to be lightly passed over out of an inordinate regard for punctilio.

Whatever injuries Mrs. Minick suffered, as a result of the accident, are evidenced exclusively by subjective symptoms. Thus, she complained of headaches, "shrill" pains in her back running up into her neck and making her "sick all over" (when they recurred spasmodically,— three to four times a week) and loss of energy. While these symptoms and the nervous and physical impairments which they tend to import are by no means to be minimized arbitrarily, no physical cause of disability or incapacity is or has been objectively apparent except for bruises and contusions suffered in the accident and a cracking sound in the patient's neck upon rotation of her head. Following the accident, she was confined to a local hospital for four days where the treatment prescribed was "rest"; and was discharged as "improved".

A year after the accident, when she again visited the hospital (her subjective symptoms still persisting), the examining surgeon could find no objective evidence of existing injury. For proof of injury, its effect upon her physical condition and health and the extent of the consequent loss, Mrs. Minick relied upon the testimony of a doctor who makes a practice of testifying as a medical expert in personal injury suits and whom she first consulted at his office in Pittsburgh, at the instance of her attorney, on August 22, 1946, some eighteen months after the accident and one month before the present suit was instituted. This doctor examined her again on April 9 and 10, 1947, during the trial of this case.

In the light of all the testimony, lay as well as professional, we think that the verdict for Mrs. Minick was not sufficiently reduced by the learned court below. The jury's error on the side of excessiveness may be attributed to their too ready acceptance of the testimony of the plaintiff's medical expert without giving it the especially careful scrutiny to which it should have been subjected as this Court has heretofore cautioned upon a number of occasions: *Doran v. Pittsburgh Railways Company*, 343 Pa. 204, 209-210, 22 A. 2d 826; *Nickolls v. Personal Finance Company*, 322 Pa. 67, 69, 185 A. 286; *Tauber v. Wilkinsburg*, 309 Pa. 331, 335, 163 A. 675; *Murphy v. Pennsylvania R. R. Co.*, 292 Pa. 213, 216, 140 A. 867. Inasmuch, however, as the case is one of liability and was tried and submitted without substantial error, we shall reduce the judgment in favor of Mrs. Minick to an amount which we consider not excessive and overrule all remaining assignments of error, some of which asserted excessiveness in the verdicts in favor of two of the other plaintiffs but were not pressed at the argument and, anyway, are without merit.

The judgments at appeals Nos. 173, 174 and 175 are affirmed. The judgment at appeal No. 176 is reduced to $9,000 and, as thus modified, is affirmed.