## McCune *v.* Leamer (et al., Appellant).

Argued September 26, 1955. Before STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William F. Illig,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellants.

*John G. Gent,* with him *Brooks, Curtze & Gent,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 3, 1956:

This was an action in trespass arising out of a head-on collision on Route 20 in Erie County, Pennsylvania between tractor-trailers driven by the appellee, Clifford P. McCune, and appellant, George Dean. As a result of the accident the vehicles involved were destroyed by fire and the appellant Dean sustained serious personal injuries.

The appellee, as owner of one of the tractor-trailers, at the time under lease to Greenleaf Motor Express and being operated by appellee as its employe, instituted this proceeding against the appellants, Harold Leamer, owner of the other tractor-trailer, and Dean who was driving it as employe of Care Transport, Inc. The original defendants, Leamer and Dean, claiming respectively property damages and personal injuries, brought in Greenleaf Motor Express as an additional defendant. Subsequently, Care Transport, Inc., as Leamer's lessee and the holder of the I. C. C. permit for the unit operated by Dean, was joined by appellee as a defendant. The trial resulted in a verdict for the plaintiff, Clifford P. McCune, in the amount of $6,-982.85. After argument and reargument before the court en banc, a motion for judgment non obstante veredicto by Leamer was granted and as a result his motion for new trial was discharged. Motions for judgment n.o.v. and new trial filed by Care Transport, Inc. and Dean were discharged, the denial of the motions for new trial being conditioned upon the filing of a remittitur by appellee for $2,475. The remittitur was filed and the verdict was then molded to make it read in favor of the additional defendant Greenleaf Motor Express with respect to the claims of the original defendants since no negligence could be chargeable to it under the jury's verdict. From the judgments thereupon entered Leamer and Dean have taken these appeals.

Inasmuch as appellants' sole complaint is that the trial court abused its discretion in refusing to withdraw a juror because of alleged improper remarks of appellee's counsel in his closing address to the jury, it is unnecessary to relate the circumstances surrounding the accident. The exact language claimed to be objectionable is not a matter of record; however, it appears from the substance of the alleged improper remarks as placed upon the record by appellants' counsel and not denied by appellee that appellee's counsel in his rebuttal summation referred to plaintiff's financial inability to have a photographer and the ability of the defendants to hire a trained investigator and photographers after the happening of the accident. It is contended that from these comments flowed a dual false implication that appellants were protected by insurance and that the nominal party plaintiff was the only party in interest, whereas by reason of Pa. R. C. P. 2002, the real party in interest was plaintiff's insurance company subrogee. Appellee, on the other hand, argues that the statement was made in the heat of argument and was provoked by the closing address of counsel for appellants wherein it could have been unjustly inferred that appellee was withholding certain photographic evidence that might prove unfavorable to his position.

We have repeatedly held that the matter of withdrawing a juror because of the line of argument pursued by counsel in addressing a jury or at any stage of the proceeding is subject largely to the discretion of the trial court: *Richman v. Watkins,* 376 Pa. 510, 521, 103 A. 2d 688; *Bourd et al. v. Berman,* 359 Pa. 183, 58 A. 2d 442; *Libengood et al. v. Pennsylvania Railroad Company,* 358 Pa. 7, 11, 55 A. 2d 756. Whether a court abuses its discretion in refusing to withdraw a juror because of improper remarks of counsel

must be determined by the circumstances under which the statement was made and by the precautions taken by the court and counsel to prevent its having a prejudicial effect: *Clark v. Essex Wire Corporation,* 361 Pa. 60, 63 A. 2d 35; *Wilhelm v. Uttenweiler,* 271 Pa. 451, 112 A. 94. If the court below feels that an admonition to the jury to disregard the remarks is sufficient, we are reluctant to reverse since the trial judge is more familiar with the atmosphere of the trial and is in a far better position to evaluate the effect the statement had on the jury: *Menarde v. Philadelphia Transportation Company,* 376 Pa. 497, 509, 103 A. 2d 681; *Donahue v. Punxsutawney Borough,* 298 Pa. 77, 148 A. 41. The rule is otherwise where the impropriety is gross: Cf. *Narciso v. Mauch Chunk Township,* 369 Pa. 549, 87 A. 2d 233; *Kaplan et al. v. Loev,* 327 Pa. 465, 194 A. 653; *Mittleman v. Bartikowsky et al.,* 283 Pa. 485, 129 A. 566; *Kelly v. Scranton Railway Co.,* 270 Pa. 77, 112 A. 748.

In the instant case, immediately after appellants moved for the withdrawal of a juror, the trial judge instructed the jury as follows: "We will overrule the motion, and instruct the jury to disregard any argument which deals with the financial ability of any of the parties in any phase of this proceeding.". No further reference to financial inequities was made by appellee's counsel before verdict and a second admonition to the jury is contained in the following excerpt from the court's charge: "Occasionally, in the heat of trial or argument of counsel, counsel may make a statement which is improper. You will not consider any appeal to passion or prejudice. They have no place in this lawsuit. You will recall our admonition to you to disregard the remarks made by counsel for the plaintiff in opening his rebuttal. We feel that that admonition is sufficient and that you members of the jury will not let that affect your deliberations.".

A careful consideration of the remarks in question convinces us that while counsel traversed the bounds of legitimate argument, the language complained of was not under the circumstances so inflammatory or prejudicial as to necessitate reversal of the judgment in view of the prompt action of the trial judge in directing the jury to disregard the remarks and the repeated admonition in his charge.

Judgment affirmed.