# Martin *v.* Philadelphia Suburban Transportation Company, Appellant.

392

Argued April 25, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert B. Surrick*, with him *Cramp & D'Iorio*, for appellant.

*Charles F. Mayer*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1969:
Appellee, Edward J. Martin, brought suit against the Philadelphia Suburban Transportation Company (Suburban) for damages arising out of injuries suffered when two of Suburban's trolleys collided on April 20, 1966.   The jury returned a verdict for Martin in the amount of $12,141.50, which it broke down, although not requested to do so, into $141.50 for specials, $2,000.00 for pain and suffering, and $10,000.00 for impaired earning capacity.   Post-trial motions were denied by the court below and judgment entered on the verdict.

Suburban on this appeal raises four points.   Suburban complains, first, that the court erred in refusing Suburban's motion to withdraw a juror when, in his rebuttal speech to the jury, plaintiff's counsel referred to Suburban as a big company with lots of money.   While such a comment was certainly improper, it would appear from the context not to have been a deliberate attempt to appeal to the sympathy of the jury.   Suburban had indicated that Martin was remiss

in not calling a Dr. Tomasso, who had treated him for a back injury antedating the accident, in order to prove that the herniated vertebral disc had not predated the accident. Appellee's comments on Suburban's size were then to the effect that Suburban could afford to call Dr. Tomasso itself if it wanted. Under these circumstances, it would not appear that counsel's remarks had any malevolent motive. Moreover, the trial court immediately cautioned the jury that the size of the defendant was totally irrelevant to the question at issue, and that Suburban was entitled to the same consideration as any other defendant.

This issue is governed by the general rule discussed in *McCune v. Leamer*, 383 Pa. 434, 437, 119 A. 2d 89 (1956), where we stated: "We have repeatedly held that the matter of withdrawing a juror because of the line of argument pursued by counsel in addressing a jury or at any stage of the proceeding is subject largely to the discretion of the trial court: Richman v. Watkins, 376 Pa. 510, 521, 103 A. 2d 688; Bourd et al. v. Berman, 359 Pa. 183, 58 A 2d 442; Libengood et al. v. Pennsylvania Railroad Company, 358 Pa. 7, 11, 55 A. 2d 756. Whether a court abuses its discretion in refusing to withdraw a juror because of improper remarks of counsel must be determined by the circumstances under which the statement was made and by the precautions taken by the court and counsel to prevent its having a prejudicial effect: Clark v. Essex Wire Corporation, 361 Pa. 60, 63 A. 2d 35; Wilhelm v. Uttenweiler, 271 Pa. 451, 112 A. 94."

In light of this standard, we cannot say that the court below erred in refusing to withdraw a juror.

Suburban next argues that appellee failed to present sufficient evidence to support a claim for loss of earning capacity. Intermingled with this argument is one that the $10,000.00 awarded for this claim resulted from the undue emphasis placed upon such a

claim in the charge of the court. While the court certainly did not neglect this aspect of the case, its charge did not overly emphasize it. Furthermore, contrary to Suburban's contention, there is evidence to support such a claim, although admittedly it is not the strongest evidence. Appellee worked in a paint store, where at the time of the accident he was assistant manager on a probationary basis, recently promoted from "third man". As third man he had to do a great deal of heavy lifting, while as assistant manager he was supposed to help out occasionally with the heavy work. There was testimony that, as a result of his injuries, he could no longer do strenuous work. Further, his medical expert testified that this condition was permanent. While appellee did remain as assistant manager and his salary was even increased, this is not conclusive as to impaired earning capacity. *Bochar v. J. B. Martin Motors, Inc.,* 374 Pa. 240, 97 A. 2d 813 (1953). Here there is evidence that appellee could not do strenuous work. With his limited education (high school) and his experience, when his entire future employment vista is considered, we are not prepared to say that a jury could not reasonably find his earning capacity to be impaired to the extent of $10,-000.00

Suburban's third argument is that the appellee's medical evidence was so contradictory that it cannot support the verdict. Actually, despite vigorous cross-examination, appellee's witness, Dr. Connor, remained firm in his view that the earlier injury suffered by appellee was merely a strain and that the herniated disc did not arise until the accident on April 20, 1966. The opinion below is particularly helpful on this point.

Finally, Suburban claims that the charge on negligence was so conflicting and contradictory that a new trial is necessary. It points out that in one place the court informed the jury that the appellee had the

burden of proving negligence and stated that the mere happening of an accident does not in itself establish negligence, while in another the court instructed that where a passenger is injured in a collision which occurs between two of the carrier's vehicles, there arises a presumption that the carrier was negligent. In the first place, these portions of the charge are not necessarily inconsistent. In the second place, Suburban cannot properly raise this issue here, for it did not raise the issue below, but rather contended that it was error to charge as to the presumption. Third, the charge as to the presumption was entirely proper. In *Palmer v. Warren St. Ry. Co.*, 206 Pa. 574, 579, 56 Atl. 49 (1903), this court stated that the case of a passenger injured by a collision between two street cars of the same company "was within the unbending rule, applicable to railroad and street passenger railway companies alike, that, where a passenger on a car is injured, without fault of his own, there is a legal presumption of negligence, casting upon the carrier the onus of rebutting it." Thus, even if part of the court's charge was inconsistent with the presumption part, it could only have favored Suburban. No prejudice could therefore have resulted.

The judgment is affirmed.