# Brenisholtz v. Pennsylvania Railroad Company, Appellant.

*Negligence—Evidence—Carlisle Tables—Instructions to jury.*

1. In an action to recover damages for personal injuries, it is not error to admit the Carlisle Tables as set out in a work on "Inheritance Tax Calculations," where there has been an exact correspondence of the tables offered and those set out in works previously approved by the Supreme Court.

2. In such a case, where there is evidence tending to show that the plaintiff was in good health prior to the accident, it is proper to instruct the jury that the Carlisle Tables are evidence, not to prove the

precise term of plaintiff's life, but to be considered in connection with other testimony, for the purpose of determining her probable expectancy of life.

*Trial—Court—Remarks of counsel—Withdrawing juror.*

3. In an action to recover damages for personal injuries where counsel, in summing up, states the amount of plaintiff's claim, but immediately withdraws the remark and asks that the jury be instructed to disregard it, which is done, and where the verdict is not unreasonable, no inference of damage to defendant can fairly be drawn, and the appellate court will not reverse a judgment for plaintiff because the trial judge refused to withdraw a juror.

*Negligence—Railroads—Train backed off siding—Sleeping woman—Proximate cause—Contributory negligence.*

4. In an action against a railroad company to recover damages for personal injuries, where it appears that the negligent operation of defendant's train caused it to be driven against plaintiff's house, wrecking the rear portion, and leaving an opening into which the plaintiff almost immediately fell, in the darkness, while seeking to reach her children by the customary way to the room where they slept, the negligence of defendant is established as the proximate cause of plaintiff's injuries, and the question of contributory negligence is for the jury.

Argued May 10, 1910.  Appeal, No. 54, Jan. T., 1910, by defendant, from judgment of C. P. Juniata Co., Feb. T., 1909, No. 67, on verdict for plaintiffs in case of Annie M. Brenisholtz and John W. Brenisholtz, her husband, v. The Pennsylvania Railroad Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before SHULL, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial plaintiffs made the following offer:

Mr. Banks: We offer in evidence the Carlisle Tables as found on page 144 of Wolfe's Inheritance Tax Calculations for the purpose of showing that a person forty years of age has an expectancy of life of 27.61 years. This in connection with the other evidence in the case as to the health and manner of living of Mrs. Brenisholtz.

Mr. Pennell: Objected to, first, the tables have not

been properly proven. Second, it has not been shown that this lady comes under any of the classes designated in those tables. Third, it is irrelevant, incompetent and immaterial.

The Court: For the purposes offered and tending in some respects to shed some light to the jury in measuring the prospect of life, we admit the evidence and seal a bill for the defendant. [1]

During the argument of Mr. Neely for plaintiffs to the jury, the following took place:

Mr. Pennell: I ask the reporter to take the remark of Mr. Neely down, the remark being as follows: "I hope you will be able to arrive at a fair conclusion. He asks $5,000 in this case." I now ask the court to withdraw a juror and continue the case at the expense of the plaintiffs.

Mr. Neely: I withdraw the remark and ask the court to charge the jury to disregard it.

The Court: For the present we will overrule the motion and seal a bill for the defendant. [2]

Plaintiff presented this point:

2. The Carlisle Tables are evidence in the case to show that a person forty years of age, under average conditions of health, habits, occupation and manner of living, may expect to live for a period of 27.61 years. While this does not, of course, prove that Annie M. Brenisholtz will live so long or that she will not live longer, yet it is evidence which the jury may consider in connection with the other evidence in the case as to the plaintiff, Annie M. Brenisholtz's health, habits, occupation and manner of living prior to the accident for the purpose of determining her probable expectancy of life. *Answer:* We affirm this point with the qualification that we say that these tables are admitted as some evidence in the case tending to show the prospective life of the plaintiff and is to be considered not as showing that she will live such period, but taken with the other testimony as to her habits, conditions of living, her general health, may be some evidence to aid in determining the prospective period of life. [3]

Defendant presented these points:

3. That the injury to Mrs. Brenisholtz was not such a natural and probable consequence of the alleged negligence of the defendant as might and ought to have been foreseen by the defendant and the defendant is therefore not liable therefor and the verdict should be for the defendant. *Answer:* Refused. [4]

4. That the proximate cause of the injury to Mrs. Brenisholtz was not the destruction of the back building of her dwelling house by the cars of the defendant, but was her hasty and careless stepping out of the door leading into said back building without a light and without attempting to learn of the condition of the said back building, and the verdict should be for the defendant. *Answer:* Refused. [5]

5. All the facts affecting the question of the contributory negligence of Mrs. Annie M. Brenisholtz were furnished by the plaintiffs' testimony. They are free from doubt and uncontradicted, hence their legal effect is to be determined by the court. The court is therefore respectfully requested to charge the jury that the proofs of the plaintiffs' case show that Mrs. Brenisholtz was guilty of contributory negligence and the verdict should be for the defendant. *Answer:* Refused. [6]

Verdict for Annie M. Brenisholtz for $6,000, and for John W. Brenisholtz $2,753, on which verdicts judgments were entered for the wife for $5,000, and for the husband for $1,753, with interest, all above such amounts having been remitted by plaintiffs. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3–6) above instructions, quoting them.

*F. M. M. Pennell,* for appellant.—A table of the expectancy of life is incompetent in the absence of proof of its correctness: McKenna v. Gas Co., 198 Pa. 31; Galveston, etc., Ry. Co. v. Arispe, 81 Tex. 517 (17 S. W. Repr. 47).

In an accident case, where the Carlisle Tables are admitted to show the expectancy of life of the plaintiff, the court must carefully guard the effect of the evidence by directing the attention of the jury to the circumstances affecting the duration of the life in question: Seifred v. Penna. R. R. Co., 206 Pa. 399.

The remark of plaintiff's counsel in his summing up to the jury was certainly improper, and the case should have been continued immediately upon motion at plaintiff's expense: Quinn v. Rapid Transit Co., 224 Pa. 162; Reese v. Hershey, 163 Pa. 253; Hollinger v. York Rys. Co., 225 Pa. 419; Wagner v. Hazle Twp., 215 Pa. 219; Erie & W. V. R. R. Co. v. Smith, 125 Pa. 259.

The plaintiff was guilty of contributory negligence: Del., L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Graham v. Penna. Co., 139 Pa. 149; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Pass. Ry. Co. v. Trich, 117 Pa. 390.

*J. Howard Neely* and *Andrew Banks*, for appellees.— Under all the authorities, we believe the proper ground was laid for the admission of the Carlisle Tables as evidence in this case: Steinbrunner v. Pittsburg, etc., Railway Co., 146 Pa. 504; Kerrigan v. Penna. R. R. Co., 194 Pa. 98; Seifred v. Penna. R. R. Co., 206 Pa. 399; McKenna v. Citizens' Natural Gas Co., 198 Pa. 31; Iseminger v. York Haven Water & Power Co., 209 Pa. 615.

There was no ground for withdrawing a juror: Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Com. v. Striepeke, 32 Pa. Superior Ct. 82; Moore v. Neubert, 21 Pa. Superior Ct. 144; Behrens v. Mountz, 37 Pa. Superior Ct. 326; Com. v. Sarves, 17 Pa. Superior Ct. 407; Dougherty v. Rys. Co., 213 Pa. 346.

There was no contributory negligence: Crane v. Penna. R. R. Co., 218 Pa. 560.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

This was an action of trespass brought by Annie M. Brenisholtz and John W. Brenisholtz her husband, to

recover damages for injuries sustained by the wife through the alleged negligence of the employees of the defendant company.  There was no denial of the negligence, and the facts are not in dispute.  A freight train was backed off the end of a siding across the street, into the rear of plaintiffs' dwelling, and demolished part of the building where their children were sleeping.  Frightened by the crash Mrs. Brenisholtz sprang up and endeavored in the darkness to reach her children, and, unaware that the end of the house had been torn away, she fell into an opening and was injured.

The trial in the court below resulted in a verdict for the wife for $6,000, and for the husband for $2,753.  At the suggestion of the court, remittiturs were filed in the sum of $1,000, on behalf of each of the plaintiffs, reducing the amounts for which judgment was entered (interest to date of judgment being added) to $5,000 and $1,753. Motions for a new trial, and for judgment for defendant non obstante verdicto, were refused, and defendant has appealed.

The first and third assignments of error question the admissibility in evidence of the Carlisle Tables, as they are set forth in a volume entitled "Inheritance Tax Calculations," by S. Herbert Wolfe; and they question also the adequacy of the instructions of the trial judge to the jury, as to the weight to be given to the tables, as evidence.  The volume from which the tables were offered in evidence, seems to be a treatise by a consulting actuary upon the underlying principles used in ascertaining the present value of dower, and curtesy rights, life estates, etc., as estimated upon the Northampton, Carlisle, American and Actuaries Experience Tables of Mortality.

In 20 Am. & Eng. Ency. of Law (2d ed.), 886, it is said: "In general, it seems that life tables may be shown by any standard work containing them, and in some cases experts have been allowed to testify as to their authority and value.  But it would seem that, as courts take judicial notice of the standard tables, no prelimi-

nary proof is necessary. In a note to the above it is said (citing decisions), that the Carlisle Tables may be proved by the Encyclopædia Britannica or by a law book of general authority and acceptance. In Kerrigan v. Penna. R. R.· Co., 194 Pa. 98, the book which was offered in evidence to prove the Carlisle Tables was Scribner on Dower. In the case of Steinbrunner v. Ry. Co., 146 Pa. 504, Chief Justice PAXSON quotes (p. 515) from the Encyclopædia Britannica as to the history of the Carlisle Tables. A comparison of the Carlisle Tables as printed in Wolfe on Inheritance Tax Calculations (the volume used in the present case) shows an exact correspondence of the figures indicating expectancy of life with those given in both the Encyclopædia Britannica and Scribner on Dower. In all three books, the expectancy of a person forty years old, the age of the plaintiff in the present case, is stated to be 27.61 years. We see no merit in the first and third assignments of error.

In his second point for charge counsel for plaintiff asked to have the jury instructed to take the Carlisle Tables as evidence, not to prove the precise term of plaintiff's life, but as evidence to be considered in connection with other testimony in the case, concerning the health, habits, occupation and manner of living of the plaintiff prior to the accident, for the purpose of determining her probable expectancy of life. In affirming this point, the court cautioned the jury that the tables were to be considered not as showing that plaintiff would live for such a period, but that, taken with other testimony, they might be some evidence to aid in determining her prospective period of life. There was evidence tending to show that prior to the accident Mrs. Brenisholtz was in good health. We think the instructions of the trial judge as to the weight to be given to the tables, were adequate and that they were substantially in accord with the principles laid down in such of our cases as Kerrigan v. Penna. R. R. Co., 194 Pa. 98, and in Iseminger v. Water, etc., Co., 209 Pa. 615.

In the second specification of error, it is alleged that the trial judge erred in refusing to withdraw a juror and continue the case when counsel for plaintiff, in summing up, said to the jury that "he (the husband) asks $5,000, in this case," the remark being immediately withdrawn by counsel, and the court at his request having instructed the jury to disregard it. The statement did not apply to the amount of the wife's claim, but only to that of the husband. The remark was of course improper, and counsel at once realized it, and promptly acknowledged his error. It is contended, however, in behalf of appellant, that the action of the trial judge in refusing to withdraw a juror and continue the case under these circumstances, was reversible error. But in none of the cases cited to sustain this contention, does it appear that the objectionable remark was immediately withdrawn by counsel, and that the jury were instructed by the court to disregard it. Thus in Wagner v. Hazle Twp., 215 Pa. 219, the court in denying a motion to withdraw a juror, went to the other extreme and said: "Counsel for plaintiff stated nothing improper." This was setting the stamp of approval upon the wrong action of counsel; and the case was reversed. And in Quinn v. Transit Co., 224 Pa. 162, where as in the present case, counsel stated to the jury the amount of damages claimed in plaintiff's statement, it does not appear that the remark was withdrawn, or that the jury were instructed to disregard it. In the case of Reese v. Hershey, 163 Pa. 253, and Hollinger v. York Rys. Co., 225 Pa. 419, which were reversals, the trial judges themselves read to the jury the amount of plaintiff's claim for damages set forth in the statement. On the other hand, in Dougherty v. Pittsburg Rys. Co., 213 Pa. 346, the improper statement was promptly corrected by counsel when objection was made to it, and the court expressly called the attention of the jury to the fact of the correction. We there held that "The error of counsel was thus corrected without having prejudiced the defense." In the present case there is nothing

to indicate that the defendant, as a final result, suffered any harm by reason of the remark of which complaint is made. It did not relate to the claim of the wife, and the claim of the husband, as stated by counsel, was for $5,000. The jury awarded him the sum of $2,753, and this amount was cut down by the court to $1,753. Under these conditions we do not feel that any inference of injury to the defendant can fairly be drawn, by reason of the circumstance.

As to the question of contributory negligence, we are clear that under all the evidence in this case, that was properly submitted to the jury. Nor do we see any ground upon which it can reasonably be contended that the negligence of defendant's servants was not the proximate cause of the injuries received by Mrs. Brenisholtz. The negligent operation of the train caused it to be driven against the house, wrecking the rear portion of the building, and tearing it away from the main part of the house, leaving an opening into which the plaintiff almost immediately fell, in the darkness, while seeking to reach her children by the customary way to the room in which they slept. Her action was just what was to have been expected under the circumstances, and the chain of events between the negligent act of defendant and the final result to plaintiff was very short, and the occurrences formed a natural whole.

The assignments of error are overruled, and the judgment is affirmed.