## Fasick *v.* Byerly, Appellant.

86

Argued May 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

Paul E. Beaver and F. W. Culbertson, for appellant.

Paul S. Lehman, with him Paul E. Fetterolf, of Lehman & Fetterolf, and Andrew Banks, for appellee.

OPINION BY MR. JUSTICE DREW, June 17, 1938:

This is an action in trespass by the plaintiff to recover for the death of her husband caused by defendant's alleged negligence. Following a verdict of $8,888.90 for the plaintiff, defendant moved for judgment n. o. v. and for a new trial, both of which were refused. This appeal followed.

U. S. Route 22 between Lewistown and Mifflintown in Mifflin County is a three-lane highway running generally east and west. The center lane is of asphalt construction and the other two of concrete. On the afternoon of January 22, 1935, decedent was proceeding westwardly toward Lewistown at a speed of fifteen to eighteen miles an hour when he came behind a State Highway Department truck which he followed for about a quarter of a mile. It then slowed down to about eight or ten miles an hour to allow the men on it to scatter cinders on the highway which was covered with hard-packed snow and ice except for occasional bare patches. Thereupon decedent drew out into the center or asphalt lane to pass. From the testimony of a man on the truck it appears that decedent had a clear view for about 1,000 feet and that no oncoming car was in sight when he started to pass. Defendant's car, approaching in the center lane, first appeared 600 or 700 feet away when decedent was alongside the truck. Decedent thereupon slowed almost to a stop, attempting to draw behind the truck, but his car skidded slightly—some three or five feet—and he was nearly stationary in the center lane when defendant's car coming at about thirty-five or forty miles an hour, struck his car. Decedent suffered a basal fracture of the skull from which he died four days later.

Upon the foregoing facts, which present the case in the light most favorable to plaintiff, as is required in passing upon a motion for judgment n. o. v. *(Lookatch v. Robinson,* 318 Pa. 545) there cannot be any doubt of defendant's negligence and of decedent's freedom from contributory negligence. While decedent's car, occupying the center of the highway, must have been in plain sight of defendant for at least 600 feet, defendant came on without attempting to stop, slow down or even to turn to his own right lane which was open and unobstructed, and collided with decedent's car which was almost at a standstill in the center lane. Nor was decedent at fault in any degree. He was using the center lane for passing,

the purpose for which it was provided, and cannot be held responsible for his inability to yield it quickly enough to defendant who had at the time no superior right to use it. When decedent began to pass he had a clear road for 1,000 feet ahead and was entitled to assume that he could get safely by and that any car that might come from the opposite direction would see him in sufficient time to turn into its right-hand lane. Defendant argues that decedent created an emergency in which he, defendant, cannot be liable for a mistake of judgment in supposing decedent would leave the center of the highway. The true fact is that defendant created the emergency by approaching and remaining in the center lane when obviously decedent was already occupying it and committed to passing the truck. It was impossible for decedent to turn to his right; that lane was occupied by the truck, as was perfectly apparent to defendant. Decedent did all he could when he reduced the speed of his car and brought it almost to a full stop. He would doubtless have drawn over behind the truck, when it had passed him, had he had time to do so.

As reasons for a new trial defendant alleges an improper use of life expectancy tables and that the verdict was excessive. The verdict of $8,888.90 was manifestly reasonable. The actual out-of-pocket loss, medical and funeral expenses and the like, was over $800. Decedent earned $110 a month, of which approximately eighty-eight dollars was used regularly for household expenditures and the support of his wife and twelve-year-old daughter. He was forty-six years of age at his death with an expectancy of over twenty-three years. His habits were exemplary, his health reasonably good, and his employment regular. He had in fact been employed as a drug clerk in one store for at least twenty-two years without having lost more than twelve days' work down to the day of the accident hero involved. The verdict is for less than the present worth of that part of his income which his wife and daughter might reasonably have ex-

pected to receive over the period of his life expectancy. For these reasons the amount allowed by the jury was proper; it does not shock our sense of justice, and ". . . that is the 'imperative' test on this point": *Lookatch v. Robinson,* supra, at page 547.

Nor do we think the life expectancy tables were used improperly. They may be proved, as they were here, ". . . by any standard work containing them": *Brenisholtz v. Penna. R. R. Co.,* 229 Pa. 88, 93. Whether to use them or not is within the sound discretion of the trial court *(McCaffrey v. Schwartz,* 285 Pa. 561) so long as the court gives adequate instructions as to the weight to be given them. Here the trial court went into considerable detail, charging the jury to consider in connection with the tables the condition of decedent's health, his mode of life, the fact that his work was indoors, that his hours were long, that he had had a surgical operation six years before, that he was suffering from severe pain in his shoulder and was on the way to consult a doctor on the day of the accident, as well as other matters to be taken into account. Moreover, the amount of the verdict conclusively shows that the jury did not rely exclusively on the expectancy tables. If defendant desired any additional instruction as to the use of the tables he had ample opportunity to request it. Defendant's liability was established beyond question and the case was fairly tried throughout. There is no support for either judgment n. o. v. or for a new trial.

Judgment affirmed.