Bourd et al. *v.* Berman, Appellant.

Argued March 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Roy Dickie,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellant.

*James P. McArdle,* for appellee.

OPINION BY MR. JUSTICE JONES, April 22, 1948:

These are appeals by the defendant from judgments entered on a verdict for a minor plaintiff, acting by a legal representative, and for his parents, for damages for injuries suffered by the minor (an eight-year old boy) through the alleged negligence of the defendant. It is presently unnecessary to relate the circumstances attending the accident. The appellant concedes that the case was for the jury both on the question of her negligence and any contributory negligence on the part of the minor who, obviously, was of tender years.

The appellant's sole complaint is with the lower court's refusal of her motion for a new trial in support whereof she now assigns the following reasons: (1) the trial court erred in refusing to withdraw a juror because of allegedly improper remarks by plaintiffs' counsel in his address to the jury, (2) the trial court's charge as a whole was prejudicial to the defendant and erroneous, specifically, on elements of damage, and (3) the verdict is excessive. There is no merit in any of these contentions.

Of the two allegedly improper remarks by plaintiffs' counsel in his address to the jury, one is a matter of undetermined disputed fact on the face of the record and,

consequently, not capable of constituting a predicate for the motion. At the conclusion of the address, counsel for defendant, reading from notes that he had been "able to get down", gave his version of the remarks in question and moved for the withdrawal of a juror. Counsel for plaintiffs at once denied having used the word concerning the minor's injury, which the defendant's motion imputed to him, and gave an unoffending word as what he had used in the context. And, there, the matter was permitted to rest. The learned trial judge overruled the motion, adding, in an obvious effort to eradicate any possible harm to the defendant,—"I will instruct the jury as to the nature of the injuries". The other remark of plaintiffs' counsel, concerning the defendant's impecunious appearance, was not fairly capable of injecting prejudice into the jury's deliberations, as appellant's counsel seems to fear, nor is it reasonable to infer that it did so. On the record as it stands, it could not justifiably be said that the learned trial judge erred in overruling the motion, particularly, when it is borne in mind that a motion for the withdrawal of a juror calls for an exercise of discretion by the trial judge in any instance: *Wilhelm v. Uttenweiler*, 271 Pa. 451, 453, 112 A. 94 .

Moreover, the trial court's denial of the defendant's motion to withdraw a juror is not properly reviewable in the state of the record before us. From the time of the court's action in the regard indicated, the defendant never again complained of the ruling as error until she reached this Court on appeal. The action had been neither assigned nor argued in the court en banc on the motion for a new trial. And, a matter not raised or duly pursued in the court below will not, ordinarily, be considered on appeal: *Grange Nat. Bank v. Collman*, 306 Pa. 200, 203, 159 A. 26. By failing to lay the proper groundwork for a cognate assignment of error in this Court, the defendant must be taken to have waived any right to complain further of the trial court's action in the manner indicated: cf. *Libengood v. Pennsylvania Railroad Com-*

*pany,* 358 Pa. 7, 11, 55 A. 2d 756; *Allegany Gas Co. v. Kemp,* 316 Pa. 97, 101, 174 A. 289.

The court's charge was not prejudicial to the defendant. On the contrary, when read and analyzed as a whole, as it rightly must be (see *Nicola v. American Stores Company,* 351 Pa. 404, 406, 41 A. 2d 662), it reveals a fair and impartial submission of the issues and evidences a painstaking effort on the part of the learned trial judge to do equal and exact justice between the parties. The appellant's more specific complaint that the court stressed the form of the verdict in certain contingencies merits little consideration. The trial court did tell the jury to "Listen carefully to the form of the verdict". But, the appellant's complaint that the court then went on to instruct the jury as to the form the verdict should take if the jury found for the plaintiffs presents only half of the picture. Immediately following that direction the court at once told the jury that "If you find that the defendant was not negligent, or even if the defendant was negligent but the minor plaintiff was guilty of contributory negligence, then your verdict would be in favor of the defendant and you would simply write in your verdict slip, 'We find a verdict in favor of the defendant.'" There was no favoritism shown the plaintiffs. Manifestly, a court cannot tell a jury everything at once: see *Nicola v. American Stores Company,* supra. Nor are the appellant's criticisms of specific portions of the charge relative to damages, particularly with respect to future medical expense, future loss of earnings and diminished future earning power, well taken. The gravamen of the appellant's complaint in this regard is that the evidence does not support a finding of loss for the above specified items. Actually, as the record discloses, the evidence as to these elements was competent, credible and sufficient to support the jury's findings.

The verdict is not excessive. In the light of the testimony, the amounts do not "shock our sense of justice" which they would have to do before we would be war-

ranted in interfering by way of reductions upon review: *Fasick v. Byerly,* 331 Pa. 85, 89, 200 A. 1, followed in a number of cases later; see, e. g., *McClelland v. Copeland,* 355 Pa. 405, 408, 50 A. 2d 221. The minor plaintiff's injuries were by no means insignificant; nor, since cure, are they to be regarded lightly. The boy suffered fractures of both bones (the tibia and fibula) of the left leg with consequent dislocation of the "fragments". An "open" reduction of the fractures was necessary. The two "fragments" of the tibia (i. e., shin bone) were fastened together and held in place by a steel plate screwed to the bone. The plate will remain in the boy's leg for his lifetime unless an infection (whereof the plate and its fastenings are potential focal points) should later necessitate removal. Callous, which in time ossified, formed between the bones at one of the plate screws, causing, in effect, a "bridge of bone" between the two bones" which the surgeon characterized as an "untoward thing". The testimony, especially the medical, concerning the extent and nature of the injuries, the treatment, cure and prognosis and the limitations, because of the injured leg, upon the boy's physical exertions and exercises henceforth satisfies us with the reasonableness of the respective amounts of the verdict.

The judgments are affirmed.