Ryan *v.* Furey (et al., Appellant).

Argued April 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

re-argument refused March 11, 1970.

*Victor L. Drexel*, with him *Patrick J. O'Connor, Robert E. Siegrist*, and *Pepper, Hamilton & Scheetz*, for appellant.

*Bernerd A. Buzgon*, with him *Davis, Katz, Buzgon & Davis*, for appellees.

OPINION BY MR. JUSTICE JONES, January 30, 1970:

On January 24, 1967, the Court of Common Pleas of Lebanon County entered judgments on jury verdicts in trespass actions against the Estates of Margaret Milmoe (Milmoe) and John McGinn (McGinn) and in favor of Matthew J. Ryan, III, Administrator, and Eugene Wasylina, a minor, by Nick Wasylina, his guardian.

On February 1, 1967, an attachment execution proceeding was issued against Royal Indemnity Company (Royal), garnishee, on the basis that it was the insurer of Milmoe and McGinn. The pleadings proceeded under *Pa. R. Civ. P.* 3145, whereunder interrogatories and the answers thereto in an attachment execution proceeding serve as the pleadings. See: *Helms v. Chandler*, 423 Pa. 77, 223 A. 2d 30 (1966); *Hanchey v. Elliott Truck Brokerage Co.*, 421 Pa. 131, 218 A. 2d 743 (1966). Plaintiffs then filed motions for summary judgment in accordance with *Pa. R. Civ. P.* 1035.

By Order of the Court of Common Pleas of Lebanon County dated November 7, 1968, subsequently amended, the court granted summary judgment to the plaintiffs in their respective cases against Royal, in the amounts of the original judgments against the Estates of Milmoe and McGinn, with interest from the date of entry of judgments on the verdicts.

The essential facts out of which the original litigation arose were that on June 6, 1964, a vehicle owned by Hertz Corporation collided with a vehicle operated by one of plaintiffs' decedents, thereby causing the death of both plaintiffs' decedents, severe injuries to their minor son, Eugene Wasylina, and death to Margaret Milmoe and John McGinn. Milmoe and McGinn were both in the Hertz automobile, which had been leased under a rental agreement dated June 6, 1964, in Washington, D. C., by Margaret Milmoe, who had

furnished Hertz with her operator's license number and Washington, D. C., address.

Royal admitted that as of June 6, 1964, there was in full force and effect a liability policy of insurance pursuant to which automobiles rented by Hertz Corporation were furnished with liability coverage under and subject to the terms and conditions contained in the policy. Royal denied coverage and refused payment to the respective plaintiffs, asserting that there was no coverage under the policy.

On this appeal the appellant-garnishee, Royal, makes three arguments. First, Royal claims that the policy was invalid because Milmoe, in renting the car, had presented a credit card issued to McGinn, identifying the possessor as an authorized representative of the Peace Corps, although the authority of anyone to use that card had been revoked. We are in agreement with the court below that such misrepresentation neither voided the rental contract with Hertz nor rendered the garnishee's insurance policy inoperative.

Under the terms of the insurance policy, the word "insured" included the named insured and also "(1) any person . . . to whom an automobile has been rented without a chauffeur by the named insured." Milmoe would appear to fall within the scope of this clause since she was a renter of a Hertz automobile. Nowhere does the rental agreement state that it is ineffective if an individual uses a credit card, which he is not authorized to use, to gain an extension of credit. The only clauses at all relevant are those which prohibit the operation of the car "by any person who has given a fictitious name or false address to lessor" and which indicate that the insurance policy does not apply under these circumstances. Since it is undisputed that Milmoe supplied her proper name, age and address, the contract cannot be voided on these grounds.

The decisive factor to show that the rental agreement is effective, even if the customer supplies a credit card which he is unauthorized to use, is paragraph 3 of the agreement: ". . . If Customer has directed the billing for charges to be transmitted to another person, firm or organization who or which, upon being so billed, shall fail to make payment, Customer will, upon demand of Lessor, promptly pay said charges." Paragraph 3 thus contains a built-in method for collection of the cost of a rental which has been charged to another who has ultimately refused to pay. Not only does the question of credit not affect the validity of the rental agreement, but paragraph 3 reaffirms it in this very situation and provides for the enforcement thereof. Since Milmoe herself was responsible for payment, it was irrelevant whether she was authorized to travel by the Peace Corps.

The policy, like the rental agreement, was to be inoperative if secured "by a renter or driver who has given a fictitious name or false address to the insured from whom such automobile is rented." However, Milmoe did not violate this provision. The policy's coverage was not rendered inoperative by virtue of an invalid rental agreement.

The second argument made by the garnishee is that summary judgment is improper because an issue of fact exists as to whether Milmoe or McGinn was the driver of the car. Royal points to the exclusion in the policy, according to which an automobile being operated "by any person other than the renter who signed the rental agreement" is not covered. Royal claims that no coverage exists because McGinn, who did not sign the rental agreement, was the operator.

The court below initially pointed out that "[i]t is not known whether McGinn or Milmoe was the operator." However, it summarily dismissed that issue as being irrelevant to the question of Royal's liability,

stating: "Judgments having been entered by the plaintiff against both defendants, we need not be concerned with the identity of the operator of the vehicle in which the decedents, Milmoe and McGinn were driving." In our Court, with appropriate references to the pleadings, Royal argues: "Garnishee considers [the identity of the driver] to be a most material issue of fact . . . . If McGinn was not a person permitted by the owner to drive the car, the duties and/or obligations of the owner with respect to the car would be affected. Briefly stated: *Unless McGinn was permitted under a valid rental agreement to drive the car, insurance coverage did not extend to him.*" (Emphasis added)

The plaintiffs claim that Royal is barred from raising this issue of who was driving at the time of the accident because it was not raised as a defense below. The pleadings in the lower court proceeded under *Pa. R. Civ. P.* 3145, which provides: "(a) The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit. (b) The garnishee in his answer under 'new matter' may include . . . (2) any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment."

The garnishee in the instant case was Royal and, under Rule 3145, it could raise any defense it might have had if it were being sued directly by Milmoe or McGinn and could assert *as new matter* that it would not be liable on its insurance policy to Milmoe, the insured, and, therefore, would not be liable to the plaintiffs, the injured parties. In the factual posture of this litigation, Royal could not *now* claim a lack of liability on the basis that its insured, Milmoe, was not liable to the plaintiffs. An examination of the plead-

ings reveals that Royal averred as new matter facts which would negate its liability to Milmoe and which could, consequently, bar an action which must rely upon such liability. The question of who was driving the motor vehicle at the time of the accident was raised in the interrogatories, the answers, and the reply, and these serve as the pleadings in this case. In its new matter, appended to its answers of garnishee to interrogatories, Royal averred: "Thereafter, Margaret Milmoe put the automobile to her personal use and *while it was being operated by McGinn,* who was not upon any business of Peace Corps, became involved in an accident." (Emphasis added).

In their Reply to New Matter, the plaintiffs challenged this averment, as follows: "Denied. Plaintiff, after reasonable investigation, is unable to ascertain to what use the said Margaret Milmoe put the automobile. *Plaintiff further avers that the operator of said automobile was Margaret Milmoe when it became involved in the accident."* (Emphasis added).

The issue having been properly raised, our next inquiry must be whether the factual question as to who was driving at the time of the accident is *material.* Since the issue constitutes a general question of fact, *if the issue was material* to the disposition of the case, it was improper for the court below to grant the motion for summary judgment. See: *Pa. R. Civ. P.* 1035 (b). In *Mallesky v. Stevens,* 427 Pa. 352, 356, 235 A. 2d 154, 155 (1967), we said: "It is well settled that a summary judgment upon the pleadings should not be entered unless the case is clear and free from doubt. . . ."

Royal's liability must rest on two bases. In the first place, the person insured (Milmoe and not Mc-Ginn, since McGinn indisputably had nothing to do with the rental transaction which was the basis for the insurance transaction) must have been found lia-

ble to the plaintiffs. This issue has been foreclosed in plaintiffs' favor against Royal by the earlier trial and may not now be attacked by Royal. See: *Pa. R. Civ. P.* 3145(b)(2). In the second place, there must have been a valid insurance contract in force between Royal and McGinn, which contract provided liability coverage for the instant accident. *Royal's liability is based upon its insurance contract with Milmoe.* It is the claim of plaintiffs that this contract did cover the accident which occurred, thus subjecting Royal to this attachment execution proceeding. But Royal claims, *inter alia,* that its contract did not cover this accident because it specifically excludes coverage for: "any liability of the renter [Milmoe] ... or of the driver ... caused in whole or part by an automobile insured hereunder ... while being operated ... (4) by any person other than (a) the renter who signed the rental agreement ... ." [Exclusion (C)(4)(a)]. This exclusion clearly provides that Royal did not choose to insure anyone other than those people who have accurately identified themselves to Hertz, and who have satisfied Hertz of their trustworthiness. If McGinn was driving the automobile at the time of the accident, Royal's insurance policy did not provide coverage. This was certainly a defense which Royal could have asserted had it been sued directly by McGinn in an attempt to establish policy rights as an insured thereunder.

It is nevertheless possible that Royal might be held liable, in spite of the literal policy exclusion, on another basis. We must, therefore, consider the third claim made by Royal that the court below erred in applying a District of Columbia compulsory insurance statute* to the facts in this case. See: *D. C. Code Ann.*

---

* This statute was passed June 29, 1938, and has been amended on three occasions—December 15, 1942, August 28, 1958, and August 30, 1964. The amendment in 1958 declared that the "short title" of the statute should be "District of Columbia Taxicab Insurance Act of 1958."

§44-301. This question is important since the court below invoked the remedial policy behind the statute as support for its interpretation of the policy in question.

As a general rule, an insurance company can assert, in defense of an action by an injured party, any defenses which it might be able to assert against the insured. However, in a situation within the scope of a compulsory insurance law, such as in the District of Columbia statute, the injured party may be able to recover against the insurance company regardless of the acts of the insured which would make an exclusionary clause effective. If the District of Columbia insurance statute is presently applicable, therefore, it might be possible to rely (as did the court below) upon the policy behind the passage of the Act to find that its intendment was to cover a case such as the case at bar. Stated otherwise, whether the policy provides for such coverage or not might be irrelevant since, under the compulsory insurance statute, the insurance company was required to so provide, and, therefore, such coverage will be presumed. In *Thompson v. Amalgamated Cas. Ins. Co.*, 207 F. 2d 214, 218-19 (D.C. Cir. 1953), the court so applied the District of Columbia compulsory insurance statute where a taxicab was owned by one party, insured by a second party, and leased as a taxicab to a third party. Moreover, the District of Columbia statute appears to exclude any defenses of the insurance company based on the policy. Section 44-301 of that statute provides: "[t]he liability of an insurance company in any policy of insurance . . . shall, within the limits of coverage required by this chapter, become and be absolute . . . ." If the District of Columbia statute is presently applicable, it could well be argued that Royal's liability is absolute, notwithstanding any defenses to an action by Milmoe.

The District of Columbia statute, however, was designed especially to cover taxicabs and *other means of*

public transportation and was not intended to be a general act covering the rental of automobiles without drivers. In *Nationwide Mut. Ins. Co. v. New Amsterdam Cas. Co.,* 376 F. 2d 607 (4th Cir. 1967), the court held that the District of Columbia Act was not intended to and did not apply to car rental agencies. The court noted the statement of the Executive Secretary of the Public Service Commission of the District of Columbia to the effect that the statute applied only to taxicabs and sightseeing vehicles. Moreover, in applying the District of Columbia statute, the United States Court of Appeals for the District of Columbia has twice affirmed that the purpose of the statute was to regulate taxicabs in their functions as common carriers. See: *Thompson v. Amalgamated Cas. Ins. Co.,* 207 F. 2d 214 (D.C. Cir. 1953) ; *Bennett v. Amalgamated Cas. Ins. Co.,* 200 F. 2d 129 (D.C. Cir. 1952).

We, therefore, hold that the District of Columbia statute, *supra,* does not apply to car rental agencies such as Hertz. That being so, our only task is to determine whether the coverage of the policy applies to the instant case.

In determining the coverage of Royal's policy—such determination being vital in this proceeding—there exists a substantial question of fact as to a material issue in this case. We, therefore, hold that the order of the court below granting summary judgments in favor of the plaintiffs and against Royal must be vacated and the matter remanded to the court below for a hearing to determine whether the driver of the motor vehicle at the time of the accident was Milmoe or McGinn. If, after such hearing, Milmoe is found to have been the operator of the motor vehicle, then Royal must pay the judgments. However, if, after hearing, McGinn is found to have been the operator of the vehicle, then judgments should be entered in favor of Royal.

Judgments reversed.

106

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

The majority holds that summary judgment is improper because a disputed issue of fact *exists* as to who was driving the automobile. In accepting appellant's argument on this issue, the Court *sub silentio* overrules the cases, which are legion, holding that an issue not duly pursued below cannot be argued on appeal. See, e.g., *Roberts v. Fireman's Ins. Co. of N.J.,* 376 Pa. 99, 104, 101 A. 2d 747 (1954); *Bourd v. Berman,* 359 Pa. 183, 185, 58 A. 2d 442 (1948).

It is true that the issue of who was the driver was raised in the pleadings. However, in its thorough brief filed below, appellant, despite several pages of alleged disputed issues of fact, did not contend that the driver's identity was one of those disputed issues. It is not our function to speculate upon the reasons for appellant's actions. Perhaps the evidence available made it apparent that Milmoe was the driver, and appellant considered it futile to raise the issue. Whatever the reason, it is unconscionable to allow the insurer to sit back and apparently abandon the issue below, and then, after the grant of the motion for summary judgment, raise the issue on appeal. The judicial process takes long enough in this day and age without our countenancing dilatory tactics such as these.

Mr. Justice ROBERTS joins in this dissenting opinion.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

While I agree with the views expressed by Mr. Justice O'BRIEN in his dissenting opinion, I feel it necessary to point out what I believe to be another error in the majority's opinion. It is my view that we need not be concerned with whether Milmoe was driving the automobile, because the previous litigation has foreclosed the issue to Royal.

Royal is the insurance carrier-garnishee here and, as such, it stands in the shoes of the judgment debtor, Milmoe. It would have been open to Milmoe, in the original negligence suit, to defend on the ground that she was not liable because she was not the driver. In both actions it was averred that the automobile was driven by Milmoe at the request and under the control of McGinn, the other occupant of the automobile, or, in the alternative that McGinn was the driver as agent, at the request and under the control of Milmoe. Thus the default judgment may properly be viewed as a judgment that Milmoe was liable either as driver, or as the party who controlled the driver. Thus the question of whether she was the driver, like the question of whether she controlled the driver, is now foreclosed to her since judgment has been entered in the suit. The insurance carrier-garnishee can be in no better position—it cannot reopen the matter.

This principle is reflected in Rule 3145(b) of our Rules of Civil Procedure: "The garnishee in his answer under 'new matter' may include . . . (2) any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff . . . ." Thus this rule makes clear that Royal may not now assert that Milmoe, the renter, was not the driver, since this would have been one of her defenses against the plaintiff.

Rule 3145, and the rule of law it mirrors, embody wise policies. Plaintiffs here should not be forced to try their suits twice. The proper time to determine who was driving the automobile was in the original negligence suit. Once that judgment was final, the plaintiff should not have to worry about litigating this issue once more. Although in this case it is obvious that both Milmoe and McGinn could not have been driving the automobile, that issue is no longer open to

Milmoe in further litigation to enforce the judgment. Similarly, it is not open to Royal, who stands in Milmoe's shoes.

I dissent.