Sabino et al., Appellants, *v.* Junio.

Argued October 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Edward A. Mihalik,* with him *Thomas F. Weis, Charles Kirshner,* and *Weis & Weis,* and *Rosenberg & Kirshner,* for appellants.

*George I. Buckler,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1971:

The appellants obtained judgments against Ronald Junio on causes of action stemming from an auto accident. To collect on their judgments, appellants instituted execution proceedings in which they named appellees Hertz Corporation and Royal Indemnity Company as garnishees because Hertz owned the Junio-operated automobile and Royal Indemnity provided the pertinent rent-a-car liability insurance. During the course of the execution proceedings, depositions taken revealed the following:

Ronald Junio, a minor, nineteen years of age, on July 5, 1964, went with his father, Walter Junio, and a friend of the father, Robert Diggins, to Teaman's

Service Station on Ardmore Boulevard in Forest Hills Borough, Allegheny County. The station was a Hertz franchised representative. An employee of Teaman's, one Charles Lucas, rented a Hertz auto, per the rental agreement, to Robert Diggins, who signed the rental agreement or invoice as the "Renter" or "Customer." Ronald Junio; his father, Walter Junio; and Robert Diggins all knew that Ronald Junio would not be permitted to sign the rental agreement. Ronald Junio, Walter Junio and Robert Diggins all testified that the Hertz representative would not permit Ronald to sign the rental agreement because he was a minor; and they further testified that he would not permit the father, Walter Junio, to sign the rental agreement because he did not have an operator's license.

The appellees moved for summary judgments under Rule 1035. After hearing oral argument and considering the record consisting of pleadings, interrogatories and answers to interrogatories, depositions, insurance contract and rental agreement, the court granted motions for summary judgments in favor of both garnishees. This appeal followed.

Appellants argue that if the testimony contained in the depositions is considered in a light most favorable to the appellants, the record shows that when Charles Lucas leased the vehicle to Diggins, he knew that Ronald Junio, then a minor, would be the true "lessee" or "customer" or "renter" or "user" despite the fact that Diggins signed the lease "for him" and the rental was paid by his father, Walter Junio.

This makes no difference. The language of the insurance policy is clear and without ambiguity. It sets forth explicitly that the policy does not cover any person other than the "Renter who signed the Rental Agreement." It is conceded that Diggins signed, Junio did not. The precise language of this exclusion clause

was discussed and approved in the case of *Ryan v. Furey*, 437 Pa. 96, 262 A. 2d 305 (1970). We cannot change the terms of the policy. Diggins and the two Junios are bound by its terms, as are the plaintiffs, who claim through them.

Appellants contend that the terms of this exclusion clause are in violation of The Vehicle Code, Act of April 29, 1959, P. L. 58, §1421, 75 P.S. 1421(b)(2), which reads as follows: "(b) Such owner's policy of liability insurance: . . . (2) Shall insure the person named therein and any other person as insured using any such motor vehicle . . . with the express or implied permission of such named, insured. . . ."

The statute only requires that the insurance cover persons using the car with the permission of the insured. Hertz is the insured. Only those persons specified by Hertz in its rental agreement[1] are "using" the Hertz motor vehicle with Hertz's permission. Ronald Junio did not have the permission of Hertz to use the car.

Appellants argue that Hertz and Royal Indemnity are estopped by Lucas's conduct in renting the car to Diggins, even though he knew Ronald Junio would be driving, from asserting that Ronald Junio was using the vehicle without Hertz's permission. However, the doctrine of estoppel does not apply to this case.

The essential elements of estoppel are an inducement by the party sought to be estopped (in this instance Hertz and Royal Indemnity Company) to the party who asserts the estoppel (Ronald Junio) to believe certain facts to exist—and the party asserting the estoppel *acts in reliance on that belief*. See *Northwest'n Nat. Bk. v. Com'nw'lth*, 345 Pa. 192, 27 A. 2d 20 (1942).

---

[1] The rental agreement and the insurance policy cover the renter, his employer, employees and immediate family.

However, the acts of Lucas in renting the car to Diggins, knowing Ronald Junio would be driving, are not acts authorized by Hertz and Royal Indemnity to induce Ronald Junio to rent the car. Lucas had no such authority. Moreover, Junio, through whom the appellants claim, did not act in reliance on Lucas's conduct. They knew he had no authority to rent to a minor. That is why Diggins signed the rental agreement. Section 166 of the *Restatement of Agency 2d,* sums up the law in this situation: "A person with notice of a limitation of an agent's authority cannot subject the principal to liability upon a transaction with the agent if he should know that the agent is acting improperly."

Judgment affirmed.

Mr. Justice COHEN took no part in the decision of this case.