Ryan et al., Appellants, *v.* Furey.

Argued September 18, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, SPAULDING, and CERCONE, JJ. (HOFF-MAN and PACKEL, JJ., absent.)

*Charles J. Romito*, with him *Stanley W. Katz*, and *Davis, Katz, Buzgon & Davis*, for appellants.

*Victor L. Drexel*, with him *Patrick J. O'Connor, Pepper, Hamilton & Scheetz* and *Siegrist, Kohler & Siegrist*, for appellee.

OPINION BY WATKINS, J., April 12, 1973:

These appeals are from the order of the Court of Common Pleas, Civil Division, of Lebanon County, refusing appellants' motions for a new trial and judgment n.o.v.

The facts in this case appear to be as follows:

On June 6, 1964, an automobile accident occurred in Lebanon County, Pennsylvania, on Route 22. The cars involved were a Chevrolet rented from Hertz Corporation, in Washington, D.C., and insured by the defendant, Royal Indemnity Company; and a Chrysler owned by the decedents of the plaintiffs, Estates of Nicholas W. Wasylina and Mary Wasylina. The plaintiff, Eugene Wasylina, a minor, was a passenger in the Chrysler vehicle. As a result of the accident, John Edward McGinn, Margaret Milmoe, Nicholas W. Wasylina and Mary Wasylina were all killed. The plaintiff, Eugene Wasylina, was severely injured.

As action was instituted by the Administrator of the Estates of Nicholas Wasylina and Mary Wasylina, and by Nick Wasylina, Guardian of Eugene Wasylina, a minor, against the defendants-appellees in this case. A judgment was rendered in favor of the appellants against both defendants.

Margaret Milmoe, defendant, rented the Chevrolet from the Hertz Corporation, which company was insured by Royal Indemnity Company. The appellants

after securing a judgment entered an attachment proceeding against Royal Indemnity Company and a summary judgment was entered in their favor. The Royal Indemnity Company then appealed to the Pennsylvania Supreme Court from the entry of the summary judgment at 437 Pa. 96, 262 A. 2d 305 (1970). The Supreme Court in its opinion held that Royal Indemnity Company, Garnishee, could not now claim a lack of liability on the part of their insured. However, they held that a possible defense was available to the Garnishee, Royal Indemnity Company. This defense being that it could relieve itself of liability on the insurance policy to its insured pursuant to an exclusion contained in the said policy which provided that any driver other than the person who signed the rental agreement would not be covered by the policy.

The trial below was held before a jury to determine whether or not the defendant, Margaret M. Milmoe, was driving the car at the time of the accident or stated another way, whether or not Royal Indemnity Company could prove that their insured was NOT the operator of the vehicle at the time of the accident.

The jury below found that the defendant, John Edward McGinn, was the driver of the vehicle at the time of the accident. Therefore, Royal Indemnity Company was relieved of liability under the terms of its policy. Hence, this appeal.

Appellants aver that the trial court committed basic and fundamental error in its instructions to the jury with respect to the burden of proof and the effect of the presumption that one who signs a lease for an automobile is presumed the operator.

The court below charged the jury as relates to burden of proof and presumption as follows:

"I instruct you that with the rental agreement between Hertz and Milmoe, an admitted fact, that there

is presumptive evidence that she, Margaret Milmoe, was the operator of the automobile. In other words, you may infer that she was the operator.

"This is presumptive evidence and is sufficient to take this case to you, the jury, but it is rebuttable. . . . Royal asks you to find from the evidence that McGinn was the operator of the automobile. . .

". . . You must determine if the inference suggested by the defendant does in fact negate the presumption. Was it sufficient to overcome by its weight the inference that Milmoe was the operator? The defendant has the burden of coming forward with evidence because of this presumption which I have told you about. If there had been no evidence at all present in this case, the Court would have directed you to find that Milmoe was, in fact the operator. But since there was evidence from which you could conclude otherwise, this issue of fact arises and you must determine whether the burden on the defendant to overcome this inference has been met." It was stipulated by counsel for the appellant and the appellees that the burden of proof is on the appellee.

The Judge's charge to the jury should be clear and precise and so couched as not to confuse the jury. It is clear in this case that the appellee, who sought to avail itself of an exclusion in a policy of insurance written by it, had the burden of showing that their insured was not the operator of the vehicle. They also, had the burden of overcoming the presumption in favor of the appellant that the lessee of the vehicle was the operator.

The charge of the court as given in this case confuses the burden of proof with the presumption in favor of the appellants. It does not clearly set forth the two items of burden of proof and the presumption. Appellant also contends that the court erred in refusing the Appellant's point of charge No. 4 which states: "4. If

the jury finds that Milmoe was the driver, or if the jury unanimously determines that it cannot decide whether Milmoe or McGinn was the driver, then the verdict must be for the Plaintiffs."

The factual background and the legal questions involved in this case are somewhat unique in that the jury should have been given the choice of determining, if possible, that the defendant, Margaret Milmoe, was the driver, or the defendant, John Edward McGinn, was the driver, or that it was impossible for the jury to determine which of the two was the driver. And, in event of the latter, the presumption in favor of the appellants would then prevail. The court below removed this possibility from the jury on the ground that they were able from the evidence presented to determine who the driver of the vehicle was at the time of the accident.

This was error. This is precisely the reason for the presumption in matters such as this in the event that it cannot be determined who the driver was that it will be presumed to be the one who leased the vehicle.

Appellants also contend that the trial court erred in refusing to allow an expert witness to testify in rebuttal that, in his opinion, it was impossible to determine who was driving the Hertz vehicle.

The general rule is that an expert witness should not be permitted to state an inference or judgment as to the ultimate facts to be determined by the jury if the evidentiary facts can be fully developed so that the jury can reasonably estimate their bearing on the issues.

However, the court allowed the police officer to testify: "It shows the feet underneath the pedals of the operator McGinn." This was in conjunction with the description of a photograph which had been offered in evidence.

This remark by the police officer was objected to by the appellant's attorney. However, the court said: "The photograph speaks for itself.", and made no ruling on the objection. In this context, the plaintiff should have been permitted to introduce expert testimony to rebut the direct testimony of the police officer.

Orders reversed and a new trial granted.