## Crampton v. American Arbitration Association

*Harry Lore,* for plaintiff.

*Peter P. Liebert,* for defendant.

DiNUBILE, J., January 17, 1974.—

### ADJUDICATION

### STATEMENT OF PLEADINGS

This is a complaint in equity by plaintiff, Frieda Crampton, to enjoin defendant, the American Arbitration Association, from preventing the arbitrators from conducting a rehearing after they had made an award against her.

On June 7, 1970, Frieda Crampton, while a pedestrian, was struck by an uninsured vehicle. Pursuant to the provisions of her policy with Government Employees Insurance Company, she filed a demand for arbitration with the American Arbitration Association.

On May 26, 1971, a panel of three arbitrators, after hearing the claim on its merits, returned an award denying plaintiff's claim in its entirety but made no disposition for costs. An amendment was made to the award imposing the costs upon the insurance company.

Thereafter, plaintiff requested a rehearing to which the arbitrators and the American Arbitration Association agreed. This promise was subsequently revoked and, as a result of which, plaintiff contends that she has been denied her rights to due process under the Constitution of the United States.

Defendant in its answer, admits that a rehearing was requested and that it agreed to it, but later refused for the reason that permitting a rehearing is a violation of the rules of the American Arbitration Association. The rules provide that there shall be no rehearing without the consent of all the parties.

## FINDINGS OF FACT

1. On June 7, 1970, Frieda Crampton, while a pedestrian, was struck by an uninsured vehicle.

2. Pursuant to the terms of her policy with Government Employees Insurance Company, plaintiff filed a demand for arbitration with the American Arbitration Association.

3. On May 26, 1971, plaintiff's case was heard before a panel of three arbitrators who heard the testimony of all witnesses presented before them.

4. The arbitrators found against plaintiff but made no disposition as to costs. Subsequent to the award, the arbitrators amended the form of the award to provide for imposition of costs against the insurance company.

5. Upon plaintiff's request, the three arbitrators and the American Arbitration Association agreed to a rehearing so that plaintiff could present additional testimony.

6. The American Arbitration Association rules with respect to rehearings require consent of all the parties.

7. Government Employees Insurance Company as

a party did not consent to the rehearing requested by plaintiff.

8. The defendant, American Arbitration Association, refused to allow a rehearing.

9. Plaintiff instituted the present complaint in equity to compel the American Arbitration Association to direct the arbitrators to conduct a rehearing.

## DISCUSSION

The determinative question is, can the American Arbitration Association be directed to reconvene the arbitrators for the purpose of hearing additional testimony after they had rendered an award?

In Nationwide Mutual Insurance Company v. Barbera, 443 Pa. 93, 95 (1971), our Supreme Court held that an arbitration award at common law will not be set aside unless it is proved by clear, precise and convincing evidence that the parties were denied a hearing or that there was fraud, misconduct, corruption or some irregularity of this nature on the part of the arbitrators which caused them to render an unjust, inequitable or unconscionable finding. See Allstate Insurance Company v. Fioravanti, 451 Pa. 108 (1973); Smaligo v. Fireman's Fund Insurance Company, 432 Pa. 133 (1968); Allstate Insurance Company v. Blackwell, 223 Pa. Superior Ct. 401 (1973).

Plaintiff has not established that she was denied a hearing or that there was fraud, misconduct, corruption or some other irregularity. She merely contends that she should be permitted to present additional testimony because defendant promised to allow a rehearing.

Plaintiff also contends that defendant is estopped by virtue of its letter of July 21, 1971, to deny a rehearing. Plaintiff argues that there was an agreement and that defendant cannot now assert its lack of power to allow a rehearing.

Our Supreme Court recently in National Forge Company v. Carlson, 452 Pa. 516, 520 (1973), restated the essential elements of estoppel from the earlier case of Sabino v. Junio, 441 Pa. 222, 225 (1971) to be "an inducement by the parties sought to be estopped . . . to the party who asserts the estoppel . . . to believe certain facts to exist—and the party asserting the estoppel *acts in reliance on that belief.*" (Emphasis in the original.)

In the case before us there was no reliance by plaintiff on defendant's initial letter of acquiescence to a rehearing. Prior to the promise to rehear the case, plaintiff already was injured by virtue of losing the case. The promise to reopen the case did not cause the original setback suffered by plaintiff. It cannot be said that but for the promise plaintiff would have suffered no harm. Plaintiff did not lose the case because of her reliance on the promise. The promise of a rehearing only rekindled her hope of getting another chance to win. It did not cause a loss.

Plaintiff also asserts that it is violative of due process of law to deny her the right to submit additional testimony even though the arbitrators had made an award. Due process requires that adequate notice be given to the parties; that a hearing be held, and that they be given the opportunity to be heard in an orderly procedure adopted to the nature of the case before a tribunal having jurisdiction of the case: Allstate v. Fioravanti, supra; Wiley v. Woods, 393 Pa. 341 (1958).

Plaintiff was not denied the right to offer testimony before the arbitrators. She was not restricted in any manner. It was only after the award was against her that she sought to present additional testimony.

Neither the Constitution of the United States nor the Constitution of Pennsylvania requires that there be the right of appeal from an arbitrator's award: Washington Arbitration Case, 436 Pa. 168, 173 (1969).

Plaintiff asked for an arbitration hearing pursuant to the terms of her insurance contract under the uninsured motorist's provision. She was granted such a hearing upon adequate notice and was allowed to present any and all witnesses. To say now that she was denied "due process" would be to make a mockery of this constitutional right. To permit this proceeding to continue any further would be to destroy the concept of finality inherent in common law arbitration.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction.

2. The rules of the American Arbitration Association do not permit the reopening of a hearing without consent of all the parties.

3. Government Employees Insurance Company did not agree to a rehearing by the arbitrators.

4. The principle of promissory or equitable estoppel is not applicable.

## DECREE NISI

Plaintiff's complaint in equity is dismissed.