## Hanchey, Appellant, *v.* Elliott Truck Brokerage Company, Inc.

Argued January 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lewis Kates,* with him *Leonard B. Edelstein,* for appellant.

*G. Wayne Renneisen,* with him *Norman Paul Harvey,* and *Liebert, Harvey, Herting and Short,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 19, 1966:

In February of 1963, appellant, Hanchey, entered judgment against appellee, the Elliott Truck Brokerage Company, Inc. (Elliott), pursuant to a judgment note dated October 9, 1962, in the amount of $16,800, including interest and collection charges. This represented $15,000 which appellee had promised to pay Hanchey in 90 days. On February 28, 1964, a writ of execution was issued, naming as garnishee the American Fidelity and Casualty Company of Virginia (American). American had issued a policy of insurance to Elliott, insuring against cargo damage, and under the circumstances and conditions therein described, it was believed by appellant that Elliott had a claim payable to it under the policy.

In March of 1964, appellant directed interrogatories to the garnishee, American, duly endorsed with a notice to plead. On May 19, 1964, American filed answers to the interrogatories and new matter. On May 21, 1964, appellant, Hanchey, filed additional interrogatories termed "Supplemental Interrogatories", which had not been answered. These interrogatories were

also endorsed with a notice to plead. On November 19, 1964, appellant filed a praecipe requesting the prothonotary to enter judgment against the garnishee, American, in the amount of $16,800, together with interest and costs for failure to answer the interrogatories. American's petition to have the judgment stricken was granted by the court below; this appeal followed.

Rule 3145, Pa. R. C. P., provides that: "(a) The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit. (b) The garnishee in his answer under 'new matter' may include (1) the defenses of the immunity or exemption of property; (2) any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment; Note: Objections to the attachment, other than the defenses of immunity or exemption, must be raised preliminarily. See Rule 3142. (3) any claim which he could assert against the plaintiff if sued by him."

Rule 3146 provides: "(a) If the garnishee within the time allowed by these rules fails to file an answer to interrogatories containing a notice to answer, the prothonotary on praecipe of the plaintiff shall enter judgment in favor of the plaintiff and against the garnishee in the same amount as the judgment of the plaintiff against the defendant, together with interest and costs. (b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the gar-

nishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The entry of judgment shall not bar the right of the plaintiff to proceed against the garnishee as to any further property or to contest any right in the property claimed by the garnishee."

The basic issue before this court is whether the prothonotary had the authority to enter judgment by default against garnishee, American, on failure to answer the additional or supplemental interrogatories, or whether the second set of interrogatories is regulated by the rules relating to depositions and discovery.

Rule 3145 contains no authorization for the filing of supplemental interrogatories. The rule provides that the procedure shall as far as practicable be conducted between plaintiff and garnishee as though the interrogatories were a complaint and the garnishee's answer were an answer in assumpsit. The phrase "as far as practicable" was included to emphasize the fact that proceedings to discover assets for purposes of collecting a judgment are basically different from the pleadings to commence an action. The execution rules did not, and could not, incorporate by reference the entire body of assumpsit rules.

When the garnishee filed its answer to the original interrogatories under Rule 3145 an issue was raised between plaintiff and garnishee. The existence of this issue prevented the entry of any default judgment.

What moves then remained open to the plaintiff if he was dissatisfied with the answer? (a) He could put the issue down for trial immediately or (b) he could move for judgment for any amount admitted to be due under Rule 3146(b) and proceed to trial for any remainder or (c) he could attack the form of the answer and seek additional information from the garnishee.

Several procedural avenues are open for such an attack. Plaintiff could file a motion with the court to

secure an order on the garnishee to file additional and more specific answer by analogy to Rule 4019(a)(1). He could file a motion with the court to file supplementary interrogatories under Rule 3144 or, as here, he could without a motion to the court, file discovery interrogatories to the garnishee as an opposite party, under Rule 4005, as part of "discovery in aid of execution" authorized by Rule 3117(a). That rule specifically authorizes "written interrogatories" to a "garnishee" to discover "assets of the defendant".

Plaintiff here was entitled to no summary judgment by default under Rule 3146(a) because the garnishee had answered the original interrogatories and had created an issue ready for trial. Plaintiff might have been entitled to a judgment by default under Rule 4019(a) because of the failure of the garnishee to answer the supplementary "discovery" interrogatories filed under Rule 3117(a) but he never followed the mandatory requirement of Rule 4019(a) that a motion be filed with the court to discover the default. Instead he asked the prothonotary to enter an office judgment which was unauthorized and void. It was properly stricken off by the court below.

Accordingly, the action of the court below in treating the supplementary interrogatories as having been filed as "discovery" interrogatories under Rule 3117(a) and Rule 4005 and not as interrogatories filed under Rule 3144 seems unanswerably correct. Therefore if the garnishee failed to respond, Rule 4019(a) would apply and a default order could be entered only by the *court* but never by the prothonotary.

Order affirmed.