## General Electric Credit Corp. v. Sunnyside Coal Mining Co., Inc.

*Carl Kerchner*, for plaintiff.

*Leonard L. Ewing*, for garnishee.

ROWLEY, J., July 10, 1968.—Plaintiff, General Electric Credit Corporation, is seeking an order requiring the garnishee, The Babcock & Wilcox Company, to answer additional interrogatories.

General Electric entered judgment by confession against Sunnyside Coal Mining Company, Inc. in the amount of $104,328 on an installment note dated August 11, 1964. On November 2, 1966, General Electric filed a praecipe for a writ of execution against Sunnyside. On December 15, 1966, General Electric filed a praecipe for a writ of execution against The Babcock & Wilcox Company, as garnishee. The writ of execution, together with interrogatories, respecting any property of Sunnyside in the garnishee's possession, were served on Babcock on December 16, 1966. Babcock filed answers to the interrogatories which disclosed that it was indebted to Sunnyside in the amount of $16,126.92, subject, however, to a claim of Heavy Equipment Finance Corporation by virtue of an alleged assignment from Sunnyside. On February 2, 1967, General Electric served additional interrogatories numbered 7 through 14 on Babcock. In substance, the additional interrogatories inquired wheth-

er Babcock had purchased coal from any operator or producer between November 1, 1966, and December 16, 1966, in Beaver County; what amount was owed by Babcock to Sunnyside on November 1, 1966; an itemization of payments made to Sunnyside after November 1, 1966, and an itemized statement of coal received from Sunnyside after November 1, 1966. Finally, the interrogatories inquired whether Babcock had purchased any coal after November 1, 1966, from an individual by the name of Harold R. Martsolf and certain pertinent information concerning such purchases if any were made. Babcock filed an answer stating that the additional interrogatories were not relevant respecting property of defendant in garnishee's possession and refused to make any further answer because of the alleged irrelevancy. The answer of Babcock to a rule to show cause why the additional interrogatories should not be answered was substantially the same. The matter is now before us for disposition.

Babcock argues that its original answer set forth all of the property of Sunnyside which was in the garnishee's possession at the time the writ of execution was served and that the additional interrogatories are not relevant to that issue under Pennsylvania Rule of Civil Procedure 3144. However, plaintiff is not limited to the inquiry authorized by Rule 3144. Rule 3117 authorizes plaintiff to take the testimony of the garnishee by written interrogatories, as provided by the rules relating to depositions and discovery, "for the purpose of discovery of assets of the defendant". It is now clear that under Rule 3117 a plaintiff may file discovery interrogatories on the garnishee under Rule 4005 as part of its "discovery in aid of execution": Hanchey v. Elliott Truck Brokerage Company, Inc., 421 Pa. 131 (1966).

Although the additional interrogatories are not labeled, it is clear from plaintiff's brief and argument

that the purpose of the additional interrogatories was and is to discover the whereabouts or existence of any assets of defendant, Sunnyside. In its brief, plaintiff states that when the original writ of execution was served on defendant Sunnyside, there were various quantities of mined coal ready for sale which were placed under the levy. Subsequently, at the time of the sale on December 1, 1966, that coal had disappeared. Although the identification of the rule under which interrogatories are filed might be helpful, there is no requirement that the interrogatories be labeled: Helms v. Chandler, 423 Pa. 77 (1966). The purpose sought to be achieved in filing the interrogatories determines whether they are filed under Rule 3144 or Rule 3117. An examination of the additional interrogatories convinces us they are filed under Rule 3117. Under these circumstances plaintiff is entitled to inquire broadly "for the purpose of discovery of assets of the defendant" wherever they may be found: 4 Goodrich-Amram §3117(a).

In determining whether or not each interrogatory is proper, we must determine whether it is relevant and will substantially aid plaintiff in its search to discover or locate any of defendant's assets regardless of where they may be found. Examined in this light, additional interrogatories 7 and 8 need not be answered. The inquiry as to the garnishee's business dealings with "any coal operator, producer or miner, whose facilities or offices are located in Beaver County, Pennsylvania" is too broad and general. On the other hand, questions 9 through 12 inclusive which inquire into the business dealings between the garnishee and Sunnyside from November 1, 1966, just before the original execution against Sunnyside was issued, may be relevant and substantially aid plaintiff in discovering the location or disposition of the coal which disappeared. Interrogatories 13 and 14 relate to the garnishee's

purchase of coal from one Harold R. Martsolf subsequent to November 1, 1966. An examination of the original note on which judgment was confessed shows that it was signed "Sunnyside Coal Mining Company, Inc. by Harold R. Martsolf, V. Pres." For this reason we are likewise of the opinion that the inquiry concerning the garnishee's purchase of coal from the vice president of defendant is relevant and may substantially aid in seeking out the defendant's assets.

## ORDER

Now, July 10, 1968, it is ordered and directed that The Babcock & Wilcox Company, garnishee, answer additional interrogatories numbers 9 through 14, both inclusive, within 30 days from this date. It is further ordered and directed that the objections of The Babcock & Wilcox Company, garnishee, to interrogatories 7 and 8 be, and the same are, hereby sustained.