## Noris v. Jonnett

*David A. Scotti*, for plaintiff.
*George G. Mahfood*, for defendant.

WETTICK, *J.*, October 20, 1982—Plaintiff obtained a judgment against defendant which has not been satisfied. Following the entry of judgment, plaintiff served upon defendant a request to produce documents, the contents of which may assist plaintiff in locating defendant's assets. Defendant objects to the entire request on the ground that a request for the production of documents is not a method of discovery permitted by the rules of civil procedure at the enforcement stage of a proceeding.

Plaintiff contends that his request for the production of documents is permitted by Pa.R.C.P. 4009 which allows a party to serve on any other party a request for the production of documents governing any matter which is relevant to the subject matter of the pending litigation. Defendant, on the other hand, argues that the rules of civil procedure governing discovery do not govern proceedings to enforce a money judgment.

The scope of the rules of civil procedure governing discovery is set forth in Pa.R.C.P. 4001(a)(1) which provides that:

"The rules of this chapter apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules including any action pursuant to the Eminent Do-

main Code of 1964 or the Municipal Claims Act of 1923."

Since Rule 4001(a)(1) provides that the discovery rules apply to any civil action, and since it does not exclude any stage of a civil action from its applicability, the rules of discovery appear to cover proceedings to enforce a money judgment obtained in a civil action.

Defendant, however, contends that the rules of civil procedure governing discovery are inapplicable to matters involving the enforcement of a money judgment because the right of the judgment creditor to obtain discovery is specifically dealt with by the rules of civil procedure governing the enforcement of a money judgment. It is defendant's position that discovery in aid of execution is governed exclusively by Pa.R.C.P. 3117(a) which permits only discovery by deposition. This rule provides that:

"Plaintiff at any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral examiniation or written interrogatories as provided by the rules relating to Depositions and Discovery. The prothonotary of the county or of the county within this Commonwealth where the deposition is to be taken, shall issue a subpoena to testify."

We reject defendant's contention that plaintiff's request for the production of documents is barred by Rule 3117 for several reasons. First, Rule 3117 permits the judgment creditor to take the testimony of the judgment debtor upon oral examination or written interrogatories "as provided by the rules relating to Depositions and Discovery." These rules

to which Rule 3117 refers permit a party desiring to take a deposition to compel the party to be examined to produce documents and tangible things at the deposition (Pa.R.C.P. 4007.1(d)). If a party may obtain the production of documents from another party in this fashion, there is no reason why we should not permit the same result through a motion to produce. To deny plaintiff's motion to produce because he did not also schedule defendant's deposition for the sole purpose of having defendant turn over the documents for plaintiff's inspection and copying would merely exault form over substance and create unnecessary delay and expense. Such a construction of the rules would be contrary to the principles of interpretation that the rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable (Pa.R.C.P. 126); the object of all construction is to ascertain and effectuate the intention of the Supreme Court (Pa.R.C.P. 127); and in ascertaining the court's intention, it presumed that the Supreme Court did not intend a result that is absurd, impossible of execution, or unreasonable (Pa.R.C.P. 128).*

Second, this court does not accept defendant's contention that the discovery provisions of Rule

---

*If the request for production were directed to a nonparty, a deposition would be required. In this situation, the depostion is a necessary vehicle for the production of documents in order to give the other party to the proceeding the same opportunity to obtain the information that is being provided by a nonparty. This distinction is recognized by the rules of civil procedure governing discovery which permit a motion to produce to be served only on a party and which provide for a deposition and subpoena duces tecum to obtain documents from a non-party. Pa.R.C.P. 4007.1(d); 4009.

3117 are in lieu of any discovery permitted by the rules of civil procedure governing discovery. If we accepted defendant's position that the rules governing discovery do not apply to matters involving the enforcement of money judgments, there would be no discovery in numerous types of proceedings to enforce a money judgment which involve factual disputes such as petitions for supplemental relief in aid of execution (Pa.R.C.P. 3118), petitions for the release of property from levy (Pa.R.C.P. 3119), petitions to stay or set aside execution (Pa.R.C.P. 3121), petitions to set aside a sheriff's sale (Pa.R.C.P. 3122), property claims of third parties (Pa.R.C.P. 3201-3216), and proceedings to enter judgment against a garnishee (Pa.R.C.P. 3147). Such a reading of the rules is inconsistent with the underlying philosphy of our discovery rules that broad discovery be permitted to avoid surprise evidence, which can be proven false or put in a truer and less damaging light, and trials in which the factual issues are not developed. See Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 259 A. 2d 451 (1969).

There is nothing within the language of the rules of civil procedure that would suggest that Rule 3117(a) is a limitation on the use of discovery otherwise available to the parties. Furthermore, the broad language of the discovery rules and the policy favoring discovery support the conclusion that Rule 3117 was not adopted as a limitation on discovery but rather as part of the overall procedural structure for enforcing a money judgment that would, at the very least, allow the judgment creditor to take the testimony of any person upon oral examination or written interrogatories even though the discovery rules may not permit such broad discovery.

Third, there is no rational justification for limit-

ing a judgment creditor's use of any methods of discovery that are available to parties prior to the entry of judgment. If the law was to place any limitations on discovery based upon the stage of the proceeding, we would expect more protection from the burdens of discovery to be provided the party against whom a claim has not been established.

Finally this court's holding that the methods of discovery permitted by the rules of civil procedure governing discovery are applicable to discovery in aid of execution is consistent with the comments of Goodrich-Amram 2d 3117(a):1.1. Also see Hurtt v. Stirone, 114 P.L.J. 182 (1966) and Hanchey v. Elliot Truck Brokerage Co., 421 Pa. 131, 218 A. 2d 743 (1966).

For these reasons, we enter the following order of court

## ORDER

On this October 20, 1982, it is hereby ordered that defendant shall within 20 days produce at the law offices of plaintiff's counsel for inspection and copying any materials in defendant's possession, custody, and control which plaintiff requested.