482 A.2d 653

## STATE EQUIPMENT DIVISION OF SECORP NATIONAL, INC., Appellant,

v.

## BRYAR CONSTRUCTION CORP., a/k/a Bryar Construction Company and Squaw Valley Coal Company

v.

## The FIRST NATIONAL BANK.

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Sept. 28, 1984.

Petition for Allowance of Appeal Denied Feb. 19, 1985.

Richard J. Fidei, Beaver, for appellant.

David L. Robinson, Greensburg, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

ROBERTS, Judge:

Appellant Secorp appeals from an order of the Court of Common Pleas of Westmoreland County granting the peti-

tion of appellee First National Bank of Avonmore to open a default judgment, and further directing that the same judgment be stricken. We modify the order to provide only that the judgment be opened.

I

Appellant obtained the default judgment against appellee Bank on November 20, 1979, three months after appellant had served appellee with "Interrogatories to Garnishee." The interrogatories, which went unanswered during that three-month period, were filed in connection with execution proceedings on a default judgment which appellant had obtained on July 26, 1979, against Bryar Construction Corp. and Squaw Valley Coal Co., depositors of appellee. Appellant's default judgment against appellee was for $54,211.25 plus costs, a sum which included the full amount of appellant's default judgment of $53,231.21 against Bryar and Squaw. Appellant's judgment against appellee in the amount of $54,211.25 plus costs was entered on praecipe pursuant to the former version of Pa.R.Civ.P. 3146(a), whose current version (effective February 8, 1982) requires notice to the garnishee and a hearing on the amount of judgment. Although appellant's interrogatories to appellee contained a provision stating that appellee was required to answer within 20 days and that failure to answer "may result in judgment against you," see Pa.R.Civ.P. 3253, appellant did not give appellee notice of an intention to file the praecipe for entry of the judgment. Such notice is now specifically required by Pa.R.Civ.P. 237.1, which was promulgated by our Supreme Court on December 14, 1979, less than one month after entry of the present judgment. Rule 237.1 became effective on February 1, 1980, and was made applicable to "pending actions." 496 Pa. XLVI (1979).

On November 29, 1979, nine days after the entry of the default judgment against appellee, Bryar and Squaw initiated Proceedings for Reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq. On December 21, 1979, just over one month after the

entry of the default judgment against appellee, appellee filed a petition to Open Judgment along with an answered copy of appellant's interrogatories. In the petition to open and the answers, appellee stated that Squaw had a checking account balance of $16.33 which "remains intact," and that Bryar had a checking account balance of $3.47 which was subject to a writ of execution served June 21, 1979, in connection with another action against Bryar. Appellee attributed its delay in this action to the other action against Bryar. According to appellee, its officials answered the interrogatories filed in the other action, and then assumed that the interrogatories in this action related to those which had been answered.

The matter proceeded to an evidentiary hearing, after which the court, relying on our Supreme Court's decision in *Hanchey v. Elliott Truck Brokerage Co.*, 421 Pa. 131, 218 A.2d 743 (1966), held that the judgment was improperly obtained by praecipe rather than by a motion for sanctions.

## II

Appellant correctly points out that in *Hanchey*, unlike here, the garnishee did not answer a set of "supplemental interrogatories" prepared by the judgment creditor after the garnishee had answered the judgment creditor's initial interrogatories. Our Supreme Court characterized the unanswered interrogatories as " 'discovery' interrogatories" governed by Pa.R.Civ.P. 4019(a), which requires judicial approval of sanctions. A default judgment for the garnishee's failure to respond to such interrogatories could thus be entered "only by the *court* but never by the prothonotary." 421 Pa. at 135, 218 A.2d at 745–46.

■ Here, the default in the proceedings arose not at a stage of discovery, but rather at the initial stage of pleading, when the garnishee did not file answers to the judgment creditor's initial interrogatories. At this stage of the proceedings, according to *Hanchey* itself, it is "as though the interrogatories were a complaint and the garnishee's answer were an answer in assumpsit," 421 Pa. at 134, 218

A.2d at 745; the express provisions of Pa.R.Civ.P. 3146 apply, and confer upon the judgment creditor the right to obtain judgment "on praecipe" if the garnishee "fails to file an answer...." *Hanchey*, therefore, did not affect the right of a judgment creditor expressly conferred by Pa.R. Civ.P. 3146 to obtain a judgment by praecipe against a defaulting garnishee, and the court's order in this case, insofar as it directed the striking off of the default judgment in appellant's favor, cannot be permitted to stand.

## III

■ Appellee contends that the present record nevertheless establishes its entitlement to relief from the judgment on equitable grounds, and we agree. As our Supreme Court has observed, "snap judgments taken without notice are strongly disfavored by the courts." *Queen City Electrical Supply Co. v. Soltis Electric Co.*, 491 Pa. 354, 361, 421 A.2d 174, 177–78 (1980). So, too, "the courts of this Commonwealth, in recognition of the potential for injustice from requiring a stranger to the underlying controversy to pay a claim for which he had no original responsibility, have expressed a greater willingness to relieve a defaulting garnishee than a defaulting defendant." 491 Pa. at 361, 421 A.2d at 178. Because of the abhorrence for snap judgments, and because of the "potential for injustice to a defaulting garnishee," the Rules of Civil Procedure relating to garnishment proceedings have been amended, as noted above, to forbid the very result which was reached in this case: a judgment against appellee obtained without express notice of appellant's intention to secure it, unilaterally set in the amount of more than $54,000 notwithstanding the fact that appellee's true liability, as a garnishee, could have amounted, at most, to less than $20.00.

The court of common pleas specifically determined that appellee had, in fact, answered the interrogatories addressed to it in connection with the other garnishment action against Bryar Construction Corp., the action which appellee's officials allegedly mistook to be directly related

to the present action. The court also found that "[n]o counsel of record was involved on behalf of [appellee] prior to November 26, 1979," six days after the default judgment against appellee had been entered. Although surely the wise course for appellee would have been to contact counsel upon receipt of a second set of interrogatories concerning one of its depositors, surely, too, it must be concluded that the proper course for appellant was at least to make an inquiry concerning the reason for appellee's failure to respond to the interrogatories in any respect, not to take full advantage of appellee's silence and secure a second default judgment placing the entire burden of the prior judgment on appellee.

Appellant maintains that appellee was dilatory in filing its petition to open the default judgment on December 21, 1979, 31 days after notice of entry. Yet the record is clear, and appellant acknowledges, that much of this period of allegedly unreasonable delay was consumed by the good-faith efforts of counsel for appellee to secure an agreement with appellant to open the judgment, without resort to judicial process. We are unwilling to fault appellee and its counsel for their laudable efforts to keep this matter out of the courts, just as we are unwilling to lend our endorsement to appellant's insistence on keeping this matter in the courts by claiming entitlement to a windfall judgment which should not have been obtained in the first place.

■ A petition to open a default judgment may be granted where: "(1) the petition has been promptly filed; (2) a meritorious defense can be shown; [and] (3) the failure to appear can be excused." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130–31 (1971). Because the present record establishes that appellee promptly sought relief from a default judgment obtained without fair notice which would have imposed liability enormously in excess of appellee's true liability as a garnishee, the order of the court of

common pleas must be affirmed insofar as it granted appellee's petition to open.*

Order modified to provide only for the granting of the Petition to Open Judgment. As modified, the order is affirmed, and the record is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

* The status of the Proceedings for Reorganization initiated by Bryar and Squaw is not addressed by the parties in their briefs, and is not reported. We leave it to the court of common pleas to determine the current effect, if any, of those proceedings.