**Kaye  v.  Mutschler**

C.P. of Allegheny County, no. GD96-14974.

*Ronald W. Crouch* and *James D. McMichael,* for plaintiffs.
*Thomas M. Hardiman,* for defendant.

WETTICK, *J.,* February 11, 1999—In a 1994 action, Paul Mutschler obtained a judgment against Mineral & General Investments Ltd. (M&G), in the amount of $431,589 following a non-jury trial in which I entered a verdict in Mr. Mutschler's favor. Mr. Mutschler has not been able to collect the judgment. M&G is in liquidation.

In this 1996 action, Mr. Mutschler previously raised numerous claims against Lorasen Holdings Inc. Recently, Mr. Mutschler has filed a motion to amend his complaint to raise two additional counts against Lorasen for the purpose of collecting from Lorasen the amount of the M&G judgment. This motion, which Lorasen opposes, is the subject of this opinion and order of court.

I.

In Proposed Count 30, Mr. Mutschler seeks to raise a cause of action which he characterizes as "liability as garnishee." In this proposed count, Mr. Mutschler alleges that (1) in the 1994 action, he instituted garnishment proceedings against Lorasen; (2) pursuant to Pa.R.C.P. 3144, he served interrogatories in which he asked Lorasen if it owed M&G any money; (3) Lorasen answered "no" to the interrogatories; and (4) Lorasen's answers are inaccurate because Lorasen is a debtor of M&G. Mr. Mutschler bases the fourth allegation on

discovery responses which, according to Mr. Mutschler, show that M&G, through another corporation, made working capital advances to Lorasen, and that Lorasen has not provided any documentation to support its claims that the loans were later repaid.

Through Proposed Count 30, Mr. Mutschler is seeking to obtain a judgment against Lorasen as a garnishee in possession of assets subject to execution in a separate lawsuit from that in which it obtained its judgment based on allegations that Lorasen is in possession of assets subject to execution. Lorasen contends that Proposed Count 30 fails to state a cause of action because there is no Pennsylvania legislation or case law which permits a judgment creditor to bring a separate lawsuit against a third party based on allegations that the third party owes a debt to the judgment debtor and/or has property of the judgment debtor. Mr. Mutschler responds to this contention with the following argument: There is nothing in the Pennsylvania Rules of Civil Procedure governing garnishment proceedings that bars the institution of a separate lawsuit and Lorasen has not cited any case law barring a judgment creditor from suing a third person having possession of property of the judgment debtor.

However, the only rights that the law creates on behalf of a judgment creditor against a third party possessing property of the judgment debtor are those set forth in the Pennsylvania Rules of Civil Procedure governing enforcement of money judgments. These rules also provide the remedies that are available.

Under Pa.R.C.P. 3101(b), a person is a garnishee deemed to have possession of the property of the defendant if this person owes money to the defendant, has property of the defendant, holds as a fiduciary property in which the defendant has an interest, holds legal

title to the property of the defendant or owns or possesses real property subject to a mortgage, judgment, or lien in which the defendant has an interest. Under Rule 3144, the plaintiff may serve interrogatories directed to the garnishee respecting property of the defendant in the garnishee's possession. If the plaintiff contends that the answers to the interrogatories are not accurate, the plaintiff's remedy is to request the court to schedule a trial in which it seeks the entry of a judgment for the plaintiff and against the garnishee. See Pa.R.C.P. 3145 and 3147. The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the garnishee's answer was an answer to the complaint. See Rule 3145. Also see, 8 Goodrich-Amram 2d §3145(a):2 at 460-61 (1993).

As I previously stated, in the 1994 action, Mr. Mutschler served interrogatories which asked Lorasen whether it owed money to M&G and whether it held property in which M&G had an interest. Under Pennsylvania case law, garnishment proceedings "may be used to determine whether the garnishee owes a debt to the judgment debtor, or has property of the judgment debtor." *Garden State Standardbred Sales Co. v. Seese,* 417 Pa. Super. 15, 18, 611 A.2d 1239, 1241 (1992). (citation omitted) Thus, if Mr. Mutschler is dissatisfied with Lorasen's answers, Mr. Mutschler may (1) put the issue down for trial immediately, (2) move for judgment for any amount admitted to be due under Pa.R.C.P. 3146(b) and proceed to trial for any remainder, or (3) attack the form of the answers and seek additional information from the garnishee. *Hanchey v. Elliott Truck Brokerage Company Inc.,* 421 Pa. 131; 134, 218 A.2d 743, 745 (1966).

Since garnishment proceedings instituted in an action in which a judgment has been entered are the only remedy

which the law provides to a judgment debtor to collect a debt out of property of the judgment debtor in the hands of a third party, I deny Mr. Mutschler's request to file an amendment raising the claims set forth in Proposed Count 30.[1]

## II.

In Proposed Count 31, Mr. Mutschler seeks to raise a separate count which he has described as "alter ego liability." This proposed count is based on allegations that Lorasen is a wholly-owned subsidiary of M&G, that the same persons operate Lorasen and M&G, and that Lorasen is the alter ego of M&G. Proposed Count 31 further alleges that M&G is a wholly-owned subsidiary of Soldus Holdings and that Soldus Holdings has utilized M&G as a shell corporation to invest in the United States operations through Lorasen holdings.

In Proposed Count 31, plaintiff seeks to apply the alter ego theory of piercing the corporate veil in order to proceed against Lorasen for the debts of M&G. However, the alter ego theory is applicable only where the holder of a judgment against a corporation seeks to impose liability against the controlling owner. See *Miners Inc. v. Allpine Equipment Corp.*, 1998 WL 802120 (Pa. Super. Nov. 20, 1998). The piercing of the corporate veil is a remedy through which liability for the acts of the corporation may be assessed against its owner.

---

1. Proposed Count 30 does not raise claims that M&G fraudulently conveyed property to Lorasen. If this were a proceeding to invalidate transfers from the judgment debtor to a third party, garnishment proceedings cannot be used. The judgment creditor's remedy, instead, would be an equity action to set aside the conveyance. *Garden State Standardbred Sales Co. v. Seese, supra* (court ruled that garnishment proceedings may not be used to invalidate an allegedly fraudulent conveyance).

*Village at Camelback Property Owners Association Inc. v. Carr,* 371 Pa. Super. 452, 460-61, 538 A.2d 528, 532-33 (1988), *aff'd,* 524 Pa. 330, 572 A.2d 1 (1990). A party seeking to pierce the corporate veil must show that the corporation liable to this party is merely a sham corporation constituting a facade for the operation of its owners. *Iron Worker's Savings and Loan Association v. IWS Inc.,* 424 Pa. Super. 255, 271-72, 622 A.2d 367, 375-76 (1993). The equitable doctrine of piercing the corporate veil is important to prevent the use of a corporation as "a shield for illegal and wrongful conduct . . . ." *Brindley v. Woodland Village Restaurant Inc.,* 438 Pa. Super. 385, 390 n.5, 652 A.2d 865, 868 n.5 (1995).

In the present case, Mr. Mutschler is not seeking to pierce the corporate veil of a corporation that allegedly controlled M&G. Instead, he seeks to proceed against a corporation that M&G controlled. However, the doctrine does not apply because it covers only the situation in which the judgment creditor of a corporation seeks to proceed against the owners of the corporation.

The doctrine of piercing the corporate veil is not available to the holder of a judgment against the parent corporation because, through execution proceedings against the parent corporation, the holder of the judgment can obtain the stock of the subsidiary. Also, if Mr. Mutschler contends that M&G fraudulently transferred its Lorasen stock to a third party, its remedy is to institute proceedings against the third party to set aside the fraudulent conveyance.

It appears that Mr. Mutschler may be asserting that M&G's parent company created a structure for conducting business within the United States that utilized sham corporations. If this is the case, any causes of action based on alter ego liability must be raised against

M&G's parent rather than a corporation which M&G allegedly controls.

For these reasons, I enter the following order of court:

## ORDER

On February 11, 1999, it is hereby ordered that defendant's motion to lift stay and amend complaint is denied, and defendant's request to file Proposed Counts 30 and 31 is denied.